668 So.2d 383 (1996)
STATE of Louisiana
v.
James VALENTINE.
No. 95-KA-0970.
Court of Appeal of Louisiana, Fourth Circuit.
January 19, 1996.
*385 Harry F. Connick, District Attorney for Orleans Parish, Karen Godail Arena, Assistant District Attorney for Orleans Parish, New Orleans, for appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for appellant.
Before BARRY, KLEES and WALTZER, JJ.
BARRY, Judge.
The defendant was convicted on two counts of indecent behavior with a juvenile (La.R.S. 14:81) and sentenced as a fourth felony offender to twenty years at hard labor. The transcript of the habitual offender adjudication is unclear whether the multiple offender adjudication applied to one or both counts. The docket master, minute entry, and commitment order reflect that the court sentenced the defendant as a fourth felony offender to twenty years on each count, the sentences to run concurrently.
Defendant claims his counsel was ineffective, that the trial court improperly admitted hearsay, and it was error to sentence as a multiple offender on each count. We affirm the convictions, but vacate the sentences and remand.

Facts
In 1990 the defendant lived with Deseree Butler, Butler's eight year old daughter S.W., and Butler's other child. S.W. testified that in May 1990 the defendant entered her bedroom while she was in bed and pulled down the blanket, then reached under her shirt and touched her between the legs on her "private." In June 1990 the defendant allowed S.W. to drive a car while she was on his lap en route to Rally's. S.W. said the defendant parked near a dark alley, put her on his lap, raised her dress and touched her in the vaginal area. He instructed her not to tell anyone. S.W. cried and the defendant threatened to harm her mother if she told anyone. S.W. reported the incidents nearly two years later in May 1992.
Suzanne Mediomolle was S.W.'s teacher in May 1992. Ms. Mediomolle testified that on May 28, 1992 S.W. viewed a film entitled "Now, I Can Tell My Secret" about good and bad touches. After the film S.W. reported the two incidents to Ms. Mediomolle who called the Office of Community Services. OCS contacted the Police Department. Detective Michael Judge interviewed S.W. that day and obtained an arrest warrant for the defendant.
The defendant testified he did not touch S.W. He acknowledged that he occasionally checked on the children at night to insure they were covered and he allowed S.W. to drive the car on the way to Rally's. He claimed he touched her knees. The defendant acknowledged he has several convictions for simple burglary, simple robbery and theft.

Ineffective Assistance of Counsel
The defendant argues that his counsel was ineffective because 1) counsel withdrew pretrial motions and did not pursue the motion for a speedy trial; 2) he failed to make an opening statement; and 3) he elicited hearsay statements from the victim's mother.
An ineffective counsel claim is ordinarily raised in an application for post conviction relief. State v. Seiss, 428 So.2d 444, 448 (La.1983); State v. Kelly, 92-2446 (La.App. 4 Cir. 7/8/94), 639 So.2d 888, 896. The issue may be addressed on appeal if the record contains evidence to rule on the merits of the *386 claim. State v. Seiss, 428 So.2d at 449; State v. Kelly, 639 So.2d at 896.
Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the defendant must show counsel's performance was deficient and that deficiency caused prejudice. Counsel's performance is deficient when counsel made an error so serious that he was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Strickland, 466 U.S. at 686-88, 104 S.Ct. at 2064. To prove prejudice the defendant must show counsel's error was so serious it deprived defendant of a fair trial. Defendant must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
Defendant complains that his counsel withdrew an oral motion to suppress, but does not identify what should have been suppressed or indicate how he was prejudiced. The record does not disclose a confession or other statement by the defendant, any tangible evidence or an out of court identification.
Counsel is not required to assert a pretrial motion, and a defendant must show specific prejudice to claim that the failure to make such a motion resulted in ineffective assistance. State v. Seiss, 428 So.2d at 447. This assignment has no merit.
The defendant argues that his counsel failed to pursue the motion for a speedy trial and request release from his bond obligation. Counsel filed a Motion for Speedy Trial on June 8, 1994 based on the state's failure to bring defendant to trial within the time limit in La.C.Cr.P. art. 701. Defendant's only remedy on the motion would have been release from bond pending trial. See La. C.Cr.P. art. 701(B). A statutory speedy trial claim becomes moot upon conviction. State v. Kelly, 639 So.2d at 895. Thus, there was no prejudice and this assignment has no merit.
The defendant complains that his counsel failed to make an opening statement to explain anticipated testimony concerning his prior convictions.
Defense counsel is not required to make an opening statement. La.C.Cr.P. art. 765; State v. Seiss, 428 So.2d at 447. The decision to waive an opening statement is trial strategy. Id. at 448. This assignment has no merit.
The defendant complains that his counsel elicited hearsay testimony from S.W.'s mother Deseree Butler. That testimony concerns S.W.'s statement about the two incidents:
EXAMINATION BY MR. DOLAN:
Q. Now, let me ask you this.
When you got this phone call from that teacher, did you talk to your little girl when she came home.
A. Yes, I did.
Q. And what did you tell her?
A. I told her I loved her.
Q. What about the relationship you state that James had with her?
A. I asked her what happened.
Q. What did she tell you?
A. She told me that there had been a couple of incidents where he touched her.
Q. Where?
Take your time, we're all adults here.
Where did he touch her?
Did he touch her on the hand?
THE COURT:
Come on, Mr. Dolan.
EXAMINATION BY MR. DOLAN:
Q. Where?
A. Between her little legs.
Q. On her leg?
A. Between her little legs.
Q. When did this happen?
Where did it happen?
THE COURT:
Now, you're going through what you objected to.
MR. DOLAN:
I want to know when he was supposed to have touched the girl, when and where.
THE COURT:

*387 Jack, she has to give you hearsay which you just objected to and I sustained.
MR. DOLAN:
She doesn't know anything, then.
The victim testified about details of the two incidents. Ms. Butler's testimony was general and cumulative of the victim's testimony. The hearsay testimony was elicited to show that Ms. Butler did not independently know of the alleged offenses and to impeach her credibility. This Court need not decide whether counsel's action was deficient because defendant was not prejudiced and the second prong of Strickland v. Washington, supra is not satisfied. Defendant failed to show a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. That argument has no merit.

Initial Complaint of Sexually Assaultive Behavior
The defendant argues that testimony about S.W.'s May 28, 1992 statement to her teacher concerning the incidents was inadmissible hearsay.
Hearsay is "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." La.C.E. art. 801(C). A statement which meets the requirements of La.C.E. art. 801(D) is not hearsay. A statement is not hearsay if:
(l) The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is: ...
(d) Consistent with the declarant's testimony and is one of initial complaint of sexually assaultive behavior.
La.C.E. art. 801(D)(1)(d).
In State v. Moran, 584 So.2d 318 (La.App. 4th Cir.1991) this Court examined the standard for admissibility of a statement under La.C.E. art. 801(D)(1)(d):
[T]he "initial" complaint of the victim of sexual abuse is admissible as substantive evidence. "The initial complaint need not be `prompt'; delay in making the complaint does not affect admissibility. Instead delay is to be weighed in assessing the credibility of the witness."
State v. Moran, 584 So.2d at 323, quoting Graham, "The Cry of Rape: The Prompt Complaint Doctrine and the Federal Rules of Evidence," 19 Willamette L.Rev. 489, 510 (1983).
The state need not show that the statement by the victim was uttered spontaneously or in excitement. The statute requires the victim to testify at trial consistently with the contents of the initial complaint and be subject to cross-examination. State v. Moran, 584 So.2d at 323. Those requirements alleviate the reliability problems inherent in ordinary hearsay. Id.
S.W.'s testimony was consistent with the statement she made to her teacher. S.W. was cross-examined. The requirements of Art. 801(D)(1)(d) were met and Moran is applicable. That assignment has no merit.

Habitual Offender Adjudication
The defendant argues that the trial court improperly adjudicated him a fourth felony offender and sentenced him to twenty years at hard labor on each count.
State v. Sherer, 411 So.2d 1050 (La.1982) holds that only one of two convictions entered the same day and arising out of a single incident can be used to invoke the habitual offender statute. Id. at 1057. In Sherer, the defendant was convicted and sentenced as a multiple offender on two counts of negligent homicide which arose from the same accident. Because the Supreme Court disallowed enhancement of each count and the habitual offender bill did not clarify which count of the negligent homicide charge constitutes which count of the habitual offender bill, the court set aside the sentence and remanded.
Sherer does not limit enhancement of multiple convictions entered the same day where the convictions arise from separate criminal acts or episodes committed at separate times. State ex rel. Porter v. Butler, 573 So.2d 1106, 1109 (La.1991). Porter recognized the continued viability of Sherer. The Supreme Court set aside the defendant's habitual offender *388 adjudication and sentence because the defendant was convicted the same day on three counts of armed robbery arising from one criminal episode.
The multiple bill alleges a single conviction for indecent behavior with a juvenile but does not specify which count. The trial court found the defendant a fourth felony offender and sentenced him to twenty years at hard labor and did not specify whether the multiple offender adjudication applied to one or both counts. The docket master, minute entry, and commitment order state the defendant was adjudicated a fourth felony offender and sentenced to twenty years at hard labor on each count, the sentences to run concurrently.
Moreover, the sentence on the non-billed count exceeds the maximum for a first felony offender. See La.R.S. 14:81.
Because the multiple bill alleges a single conviction for indecent behavior with a juvenile but does not specify which count, we set aside the multiple offender adjudication and sentences on both counts and remand for resentencing. See State v. Sherer, 411 So.2d at 1057.
We affirm the convictions, vacate the sentences, and remand for resentencing.
CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED.