677 So.2d 594 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
Larcentursa B. MAYWEATHER, Defendant-Appellant.
No. 28271-KA.
Court of Appeal of Louisiana, Second Circuit.
June 26, 1996.
*595 Larry Johnson, New Orleans, for Defendant-Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, W. Stanley Lockard, Tommy J. Johnson, Assistant District Attorneys, for Plaintiff-Appellee.
Before MARVIN, CARAWAY and SEXTON, JJ.
MARVIN, Chief Judge.
After a bench trial, Mayweather appeals his conviction of two counts of armed robbery and his adjudication as an habitual offender and his sentence to 60 years at hard labor, without benefit of probation, parole or suspension of sentence. He contends the evidence was legally insufficient in each instanceconviction and adjudication.
The victim in each of the counts charged was a teller in a branch of the Hibernia National Bank in the Uptown Shopping Center on Line Avenue in Shreveport, Debbie Johnson (count one) and Lizzie Maxie (count two). After being found guilty of both counts on May 24, Mayweather, after continuances and a hearing and argument, was adjudicated as an habitual offender on June 19 and was given the 60-year sentence on July 10, 1995.
We affirm the conviction in an unpublished addendum to this opinion and vacate the sentence, remanding with directions for re-sentencing.

THE SENTENCE
When a defendant with a felony record is convicted of two or more felony crimes committed on the same day that arise out of the same course of conductfor instance, robbing two or more bank tellers in one bank at one time, as Mayweather didonly the sentence for one of the two or more felonies may be "enhanced" by the Habitual Offender Law. La.R.S. 15:529.1; State ex rel. Porter v. Butler, 573 So.2d 1106 (La.1991). See also La.C.Cr.P. art. 883 which suggests that the sentences for two or more felonies committed as part of a single act or transaction should run concurrently instead of consecutively.
Moreover, the Habitual Offender Law is a means of enhancing the statutory penalty for a crime committed by an offender with a prior felony record. The enhancement of the penalty for the new or later crime addresses itself only to the sentencing range and has no relationship to defendant's innocence or guilt of the new crime. An adjudication as a second felony offender under La.R.S. 15:529.1 et seq. is not a "definitive judgment" of guilt, but merely a "finding" ancillary to the imposition of the sentence for the new crime. See State v. Dorthey, 623 So.2d 1276, 1279 (La. 1993) and authorities discussed therein.
La.C.Cr.P. arts 871 and 879 authorize a sentence upon a plea or verdict of guilty, or upon a judgment of guilt and require that a sentence be "determinate." La.R.S. 15:529.1 A. also requires that the enhanced penalty be determined by the number of the new felony conviction: second, third, fourth and subsequent felonies.
While the State stated that Mayweather was a second felony offender, the trial court, after the habitual offender hearing, merely determined Mayweather to be "an habitual offender" without stating a number of the new felony. When the 60-year sentence was later pronounced the court did not say that sentence was for either or both armed robbery counts one and two. If a court fails to impose a sentence for each conviction of two or more convictions or fails to specify which of the two sentences is being enhanced under the statute, the sentence or sentences are set aside and defendant is *596 remanded for resentencing as the law directs. State v. Webster, 95-605 (La.App. 3d Cir. 11/02/95), 664 So.2d 624, 630; State v. Parker, 593 So.2d 414, 416 (La.App. 1st Cir. 1991). See also State v. Valentine, 95-0970 (La.App. 4th Cir. 1/19/96), 668 So.2d 383, 388; State v. Brown, 95-124 (La.App. 5th Cir. 5/30/95), 656 So.2d 1070, 1076-7.
The "cleansing period" necessary to avoid the effect of prior felony convictions has varied from time to time. Before Mayweather's date of sentence the law fixed the period at five years. The current law, adopted after Mayweather's date of sentence, requires 10 years. When Mayweather was sentenced the period was seven years. § 529.1 C. In some cases proof of the actual date of discharge is pertinent and may pose a problem. See State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977). Mayweather's adjudication and sentence occurred in July 1995, less than seven years after he was convicted of armed robbery on December 20, 1989, the year asserted by the State and the date shown on the fingerprint records by which the prior felony was proved at the habitual offender hearing. It was not necessary for the State to prove Mayweather's discharge date.

DECREE
Mayweather's conviction is affirmed in the unpublished addendum. His sentence is vacated and he is remanded to the trial court for resentencing according to the law discussed in this published opinion.