714 So.2d 224 (1998)
Carlas Ann Sexton FOLSE
v.
Darryl Gerard FOLSE.
No. 97 CA 0952.
Court of Appeal of Louisiana, First Circuit.
May 15, 1998.
Rehearing Denied June 24, 1998.
Tracy S. Pickerell, Baton Rouge, for Plaintiff-Appellee.
Vincent Saffiotti, Baton Rouge, for Defendant-Appellant.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
SHORTESS, Judge.
Darryl Gerard Folse (defendant) appeals the judgment of the trial court awarding sole custody of his two minor children, Carlas Ann Folse (Carlas) and Kyle Folse (Kyle), to his former spouse, Carlas Ann Sexton Folse (plaintiff), and denying him all visitation rights. Plaintiff answered the appeal seeking attorney fees.

MOTION TO DISMISS ANSWER TO APPEAL
Defendant moved to dismiss plaintiff's answer to appeal as untimely. The motion was referred to the merits. Louisiana Code of Civil Procedure article 2133(A) requires an answer to appeal to be filed within fifteen days of the return date or the lodging date, whichever is later. The record was lodged on May 1, 1997. The return date was May 16, 1997. Plaintiff attempted to incorporate an answer to appeal in her appellee's brief filed July 15, 1997, more than fifteen days from May 16, 1997. The answer to appeal was untimely and must be dismissed.

DEFENDANT'S ASSIGNMENTS OF ERROR
Defendant asserts three errors of the trial court: 1) admission of inadmissible hearsay evidence; 2) application of the wrong burden of proof; and 3) insufficiency of the evidence. If the trial court committed an *225 evidentiary error that tainted its decision, we can give no weight to the court's factual findings.[1] Instead, we must review the entire record and decide the matter de novo.[2] Thus, we shall first address the alleged evidentiary error.

ADMISSION OF HEARSAY STATEMENTS

I. Does Code of Evidence article 1101(B)(2) apply?

Plaintiff seeks sole custody of Carlas and Kyle, who were born in 1990 and 1988, respectively. She has the burden of proving by clear and convincing evidence that awarding her sole custody would serve the children's best interest.[3] She seeks not only sole custody, but also to deny defendant all contact with the children, under the provisions of the Post-separation Family Violence Relief Act (PSFVRA), Louisiana Revised Statutes 9:361 through 9:369, based on alleged sexual abuse of Carlas, who was four years old at the time of the alleged abuse. To invoke those provisions, plaintiff was required to prove sexual abuse by clear and convincing evidence.[4]
The trial court concluded defendant had sexually abused Carlas based on statements Carlas made to plaintiff; plaintiff's sister, Nicole S. Compton; plaintiff's mother, Betty Sexton; and Carlas's treating clinical social worker, Susan Herrod. Carlas did not testify. Defendant contends that these statements were hearsay, that the trial court erred in admitting them, and that the judgment must be reversed because it is based on inadmissible evidence.
Plaintiff contends, however, that these statements were not hearsay. She further contends that if they were, the court was permitted to consider them under Louisiana Code of Evidence article 1101(B)(2), which provides that the specific exclusionary rules shall be applied in child custody cases "only to the extent that they tend to promote the purposes of the proceeding."
The official comments to article 1101(B)(2) state that the child custody proceeding listed in that article refers to disputes between competing private parties, e.g., parents, but is not intended to include actions to terminate parental rights brought by the state or its agencies. An action under the PSFVRA falls somewhere in between a simple custody determination and a state action to permanently terminate parental rights. The supreme court noted in State in Interest of A.C.[5] that the total and partially permanent loss of the parent's right to visitation and contact with the child resulting from a finding of sexual abuse under the PSFVRA is significantly more serious than the private interest involved in the ordinary civil case. The parent found to be a sexual abuser permanently loses all rights to unsupervised visitation, to overnight visitation, and to visitation in his home. It involves the loss of a basic human right, the parent's interest in a relationship with his or her child.[6] Because the primary private interest involved in an action under the PSFVRA is so great, we do not believe the relaxed evidentiary standard of article 1101(B)(2) applies. Thus, admission of the child's statements to others was permissible only if those statements fell under an exception in the Code of Evidence that rendered the statements non-hearsay.

II. Are the statements non-hearsay?

A. Statements to Herrod.
Plaintiff contends the statements made by Carlas to Compton, Sexton, and herself were initial complaints of sexually-assaultive behavior and thus were non-hearsay under Code of Evidence article *226 801(D)(1)(d). Plaintiff does not even attempt to fit Herrod's testimony into that category. The trial court found Carlas's statements to Herrod were "certainly not the initial complaint." However, "considering what [the court] believe[d] the law to be in custody cases," it permitted the hearsay testimony, over defendant's vehement objection, because "[t]he child is going to be a witness in this case." This was legal error by the trial court.

B. Statements to Compton, Sexton, and plaintiff.
Code of Evidence article 801(D)(1) provides, in pertinent part, that a statement is not hearsay if 1) the declarant testifies and is subject to cross-examination concerning the statement; 2) the statement is consistent with the declarant's testimony; and 3) the statement is one of initial complaint of sexually-assaultive behavior. The requirements that the declarant testify and that the testimony be consistent with the prior statement are designed to alleviate the reliability problems inherent in ordinary hearsay.[7]
Plaintiff attempted to call Carlas as the second witness of the trial. The trial court stated, however, that it preferred to save her testimony until all the other witnesses had testified, stating, "[T]his is not a criminal trial. We're dealing here with custody and visitation.... That if at all possible not to have the child testify in this case. That would be the best.... I've seen many times when after all of the testimony is in both sides agree that there's no reason to put the child through that situation."
The last witness to be called, other than Carlas, was Carlas's psychiatrist, Dr. Kamari Moturu. Kamari sent a fax to plaintiff's counsel, however, stating she was ill. The parties agreed to take her testimony at a later date. The court then asked plaintiff's counsel if he intended to call Carlas. He replied, "Your Honor, initially I had intended to call the child and, ... correct me if I'm wrong, but the court would tell me whether... Your Honor wanted to hear from the child.... I would like the child to testify." The court then stated Carlas would testify on the date Kamari testified.
Shortly thereafter, the court found itself in what it termed a "dilemma this court itself created by its zeal to attempt to protect this child." The court stated, "After admitting hearsay ... over objection ... because the child was to testify at trial, the court is now informed that petitioner does not intend to call the child as a witness." Plaintiff also decided not to call Kamari because she was "uncooperative."
The trial court's solution to this dilemma was to re-open the case on its own motion to hear additional testimony from Herrod as to whether Carlas should testify. It stated if it found the child was "unavailable" under Code of Evidence article 804, it would consider the challenged hearsay.
Code of Evidence article 804(B)(5) contains an exception to the requirement of 801(D)(1) that the declarant testify. The statement is not excluded by the hearsay rule if 1) the declarant is less than twelve years old, 2) the statement is one of "initial or otherwise trustworthy complaint of sexually assaultive behavior," and 3) the witness is unavailable. After hearing Herrod's testimony, the court found Carlas was "unavailable" to testify and thus this exception applied to Carlas's statements to Compton, Sexton, and plaintiff. Defendant complains this was legal error.
The Code of Evidence defines "unavailable as a witness" in article 804(A): "[A] declarant is `unavailable as a witness' when the declarant cannot or will not appear in court and testify [as] to the substance of his statement made outside of court. This includes situations in which the declarant ... [i]s unable to be present or to testify at the hearing because of death or then existing physical or mental illness, infirmity, or other sufficient cause...." Carlas was not dead, ill, or mentally infirm at the time of trial. However, the court found she was unavailable due to "other sufficient cause" based *227 on Herrod's testimony that while Carlas was capable of testifying, she "just d[id]n't think it would be good for her."
Herrod stated she would never recommend allowing a five-year-old to testify about sexual abuse. Herrod noted Carlas was anxious about what would happen to her daddy and had begun to give inconsistent stories about what happened. She was concerned the inappropriate behavior Carlas manifested when she first began treatment, e.g., excessive masturbation and urinating in her panties, might return if she testified.
The comments to article 804(B)(6) state that this exception is to be applied "only in truly extraordinary circumstances" and is "not to be used to emasculate the hearsay rule." We do not believe that, when it enacted article 804(B)(6), the legislature intended to protect all children of tender years from having to testify in cases of alleged sexual abuse.[8] No young child is going to benefit emotionally from testifying in a sexual abuse case, but this cannot mean that all young children are unavailable to testify.
The trial court focused on the best interest of the child in determining whether Carlas was unavailable. A case brought under the PSFVRA, however, involves a delicate balancing of the interests of the child of tender years against the rights of a parent to due process when faced with the total and partially permanent loss of the basic human right to have contact with one's child. To declare a child "unavailable" because testifying might cause her emotional distress tips this very delicate balance too far. To define "unavailable" so broadly emasculates the hearsay rule by permitting hearsay statements of both initial and "otherwise trustworthy" complaints of sexual-assaultive behavior by children under twelve when the child is fully capable of testifying. While we are impressed with the trial court's understandable concerns for the child's best interest, we are legally constrained to find it erred in deciding Carlas was unavailable to testify.
Because Carlas was available but did not testify, the testimony of plaintiff, Compton, and Sexton relating what Carlas told them was inadmissible hearsay. The trial court erred in admitting that testimony. Without this hearsay testimony, there is little or no evidence of sexual abuse. Thus, we must reverse the trial court's finding that defendant is guilty of sexually abusing Carlas.[9]

CONCLUSION
For the foregoing reasons, the judgment of the trial court finding defendant has sexually abused Carlas Folse within the meaning of Revised Statute 9:361-369 and awarding plaintiff sole custody of Carlas and Kyle Folse is reversed. We are unable to determine from the evidence in the record where the best interests of the children lie insofar as custody is concerned, particularly in light of the fact that this case was tried almost two years ago. The supreme court noted in State in Interest of A.C.[10] that even if the trial court fails to find sexual abuse, it can still order extremely limited supervised visitation or suspend visitation temporarily, or take other steps to adequately protect the welfare of the child and the interest of the custodial parent. We feel determination of these matters is best left to the trial court, based on more current information. Thus, we remand this case to the trial court for further proceedings consistent with this opinion. Costs of appeal are assessed to plaintiff.
MOTION TO DISMISS ANSWER TO APPEAL GRANTED; REVERSED AND REMANDED.
NOTES
[1] Buckbee v. United Gas Pipe Line Co., 561 So.2d 76, 85-87 (La.1990); Malbrough v. Wallace, 594 So.2d 428, 432 (La.App. 1st Cir.1991), writ denied, 596 So.2d 196 (La.1992).
[2] Ferrell v. Fireman's Fund, 94-1252, p. 7 (La. 2/20/95), 650 So.2d 742, 747.
[3] La.C.C. art. 132.
[4] La.R.S. 9:364(D).
[5] 93-1125, p. 2 (La. 10/17/94), 643 So.2d 743, 745, cert. denied, 515 U.S. 1128, 115 S.Ct. 2291, 132 L.Ed.2d 292 (1995).
[6] Skinner v. Oklahoma, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942); State in Interest of A.C., 93-1125, p. 8, 643 So.2d at 747.
[7] State v. Valentine, 95-0970, p. 6 (La.App. 4th Cir. 1/19/96), 668 So.2d 383, 387, writ denied, 706 So.2d 988.
[8] To do so in criminal cases would probably run afoul of the Confrontation Clause.
[9] Because we find reversible evidentiary error, we pretermit discussion of the remaining assignments of error.
[10] 93-1125, p. 11, 643 So.2d at 749.