| STEWART, Judge.
The defendant, Wade Kennon, was convicted of carnal knowledge of a juvenile and molestation of a juvenile. He was adjudicated a second felony offender and sentenced, pursuant to a plea agreement, to 11 years for carnal knowledge of a juvenile, and 16 years for molestation of a juvenile. He now appeals, asserting five assignments of error. Finding no merit in the defendant’s assignments of error, we affirm his conviction and sentence.
FACTS
The defendant was charged with carnal knowledge of a juvenile, in violation of La. R.S. 14:80, and molestation of a juvenile in violation of La. R.S. 14:81.2. The juvenile victim, Angel Waner, was sexually abused at about the age of 13 by the defendant, who was her mother’s live-in boyfriend. Angel lived with her mother, grandfather, brother, and the defendant. On several occasions between August 1995 and July 1996, the defendant, who was then forty years old, molested and engaged in sexual intercourse with the victim. These incidents took place in Angel’s bedroom at the family home in Forest, Louisiana, while her mother was at work as a private sitter each night from 11:00 p.m. until 7:00 a.m.
*736 Finally, on July 23, 1996, Angel told her mother that she had been molested by the defendant. Her mother immediately responded by calling the police. Angel gave a statement to Deputy Sheriff Sybil Brum-ley detailing the abuse she sustained." A physical examination revealed that she had been sexually active. A warrant was issued for the defendant’s arrest, but he was not found and arrested until August of 1998 in the State of Washington.
The defendant was indicted on count one for carnal knowledge of a juvenile and on count two for molestation of a juvenile. The defendant filed a motion to quash one of the counts, and the trial court denied this motion. A jury found the defendant guilty as charged on each count. On April 28, 1999, the defendant was | ¡¡sentenced to 10 years for count one and 15 years for count two. During the sentencing hearing, the defendant was given notice that the state planned to bill him as a multiple offender.
During the defendant’s habitual offender proceedings, the court vacated its previous sentence and re-sentenced the defendant pursuant to a plea agreement. The defendant entered a guilty plea for his two prior convictions in exchange for a sentence of 11 years for count one and 16 years for count two.
DISCUSSION

Assignments One and Two

The defendant asserts that the dual prosecution for the offenses of molestation of a juvenile and carnal knowledge of a juvenile constitutes double jeopardy because the state used the same evidence to prove both charges, and that the trial court’s denial of the defendant’s motion to quash was error. The state argues that the offenses charged did not occur at the same time. Rather, the crimes were distinct acts that happened over many months, and different evidence was used to prove each of the crimes charged.
Under the United States Constitution and the Louisiana Constitution, no person shall be twice placed in jeopardy for the same offense. U.S. Const, amend. V. and La. Const, art. 1, § 15. The Louisiana Supreme Court explained three fundamental guarantees that protect a person against double jeopardy. These guarantees include:
(1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (8) protection against multiple punishment for the same offense.
State v. Smith, 95-0061 (La.7/2/96), 676 So.2d 1068. Pursuant to La.C.Cr.P. art. 596, double jeopardy exists in a second trial only when the charge in that trial is either:
|s(l) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
Determining whether or not offenses charged are the same offense for purposes of double jeopardy requires the application of two distinct tests. The Blockburger[1] test identifies double jeopardy in terms of the additional elements of the statutes involved:
The applicable rule is that where the same act or transaction constitutes a *737 violation of two distinct statutory provisions the test to be applied to determine whether there are two different offenses or only one, is whether each provision requires proof of an additional fact which the other does not.
Smith, supra, citing Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The second test is the “same evidence test” which establishes double jeopardy based on the evidence used for each conviction involved:
If the evidence required to support a finding of guilt of one crime would also have supported a conviction for the other, the two are the same under a plea of double jeopardy for only one. The test depends on the evidence necessary for a conviction, not all of the evidence introduced at trial.
Smith, supra. The objective of this test is to not punish a person twice for the same course of conduct. State v. Steele, 387 So.2d 1175 (La.1980). We have previously observed that the Louisiana Supreme Court “relies more heavily upon the ‘same evidence test.’ ” State, v. Coates, 27,287 (La.App. 2 Cir.9/27/95), 661 So.2d 571, 575 writ denied, 95-2613 (La.2/28/96), 668 So.2d 365.
Contrary to the defendant’s claims, an examination of the elements of the crimes charged demonstrates that the state must prove each crime with different ] 4evidence. For instance, carnal knowledge of a juvenile, defined in La. R.S. 14:80, is committed when:
(1) a person over the age of seventeen has sexual intercourse, with consent, with any person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons and the victim is not the spouse of the offender; or
(2) A person over the age of seventeen has anal or oral sexual intercourse, with consent, with a person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons.
Conversely, under La. R.S. 14:81.2, molestation of a juvenile is
... the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile.
The defendant’s claim of double jeopardy fails under the same evidence test for the same reason that it fails under the Blockburger test. Under the Blockburger test, these two separate and distinct charges require proof of an additional fact which the other does not. For instance, molestation of a juvenile requires that the “lewd or lascivious act” be a result of force, violence, duress, or influence by virtue of a position of control or supervision over the juvenile. Molestation of a juvenile does not require sexual intercourse. In fact, we have held that touching the genital area without having sex constitutes a “lewd and lascivious act” within the meaning of the statute. See State v. Collins, 32,409 (La.App. 2 Cir.9/22/99), 763 So.2d 618; State v. Mickens, 31,737 (La.App. 2 Cir.3/31/99), 731 So.2d 466. Angel testified that during the first encounter, Kennon got in bed with her in the nude and touched her private parts, but he did *738 not have sexual intercourse with her. Kennon had control and supervision over Angel while her mother was away [ sat work, and he used those opportunities to engage in several lewd and lascivious acts with her.
However, the sexual intercourse which took place in later, separate, encounters is essential for proving carnal knowledge of a juvenile. Sufficient evidence was presented at trial to prove that the defendant engaged in vaginal intercourse with the victim. The trial court was correct in finding that the instances of abuse were not only separate and distinct acts, but that different evidence was required to support a conviction under each crime.
In fact, under the same evidence test, the sole inquiry is whether the defendant is being punished for the same course of conduct. The Louisiana Supreme Court does not adhere to the same transaction test where a criminal is allowed to engage in multiple criminal acts as a part of the same transaction. Rather, the Louisiana Supreme Court has held that a person who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for each offense without violating the principles of double jeopardy. State, v. Nichols, 337 So.2d 1074 (La.1976). The defendant’s argument that the same evidence used for the carnal knowledge conviction was the same evidence used for the molestation conviction is incorrect.
Angel testified that the first encounter did not include sexual intercourse, just manual stimulation where the defendant inserted his finger into her vagina. She stated that after the first incident, her sexual interaction with Kennon varied. Therefore, subsequent incidents that involved sexual intercourse between Angel and the defendant constitute separate and distinct events. The trial court properly denied the defendant’s motion to quash one count on the basis of double jeopardy.
These assignments are without merit.
| frAssignment of Error Three
The defendant asserts that the trial court failed to advise him of his right to remain silent, his right to have the state prove its allegation against him, and his right to a formal hearing. He asserts that the trial court’s failure to make the proper advisement invalidated the habitual offender proceedings.
The state argues that the defendant had been informed of his rights during the habitual offender arraignment proceeding, and that the defendant acquiesced in the trial court’s finding of the prior convictions at the actual habitual offender proceeding. The state further contends that the trial court’s failure was harmless, and that the habitual offender proceedings should not be invalidated.
The record shows that during the arraignment, when the state instituted its multiple offender bill, the court fully disclosed all of the rights of the defendant, and the defendant understood those rights. During the arraignment, the defendant denied the previous convictions. Two months later, the defendant withdrew his original denial and requested sentencing pursuant to a plea agreement. The habitual offender statute under La. R.S. 15:529.1(D), provides that, “the court shall inform him of the allegation contained in the information and his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true.” The record must demonstrate that the defendant was informed of his right to remain silent; his right to refute his alleged status as a second felony offender; and his right to a contradictory hearing if he denies the allegations in the multiple offender bill. State *739 v. Pierce, 585 So.2d 626 (La.App. 2d Cir.1991); State v. Jones, 504 So.2d 920 (La.App. 1st Cir.1987). The Louisiana Supreme Court has stated that a habitual offender proceeding will be upheld as valid where the defendant made a voluntary admission of identity at the multiple offender proceeding and the proceedings as a whole accorded the defendant fundamental fairness and due process of law. State v. Harris, 95-0900 (La.5/19/95), 654 So.2d 680; State v. Boswell, 96-801 (La.App. 3d Cir.2/12/97), 689 So.2d 627.
In the instant case, the record demonstrates the following advisement made by the court to the defendant along with his acknowledgment of an understanding of those rights. The record of the defendant’s arraignment on the multiple offender bill of information represents: By the court:
And let the record show that the defendant, Wade H. Kennon, is present in Court. And Mr. Kennon you’re present in Court today to answer the allegations contained in the bill of information filed by the State of Louisiana in accordance with R.S. 15:529.1, commonly referred to as the habitual offender law. The law requires that you and your attorney appear in open Court, that this Court inform you of the allegations contained in the bill of information and of your right to be tried as to the truth thereof and this Court shall require that you respond to the allegations. If you deny the allegations you will be given fifteen days to file a written response setting forth your particular objections to the bill of information. I will fix a hearing date at which time there will be a contradictory hearing to determine the truth of the allegations. At the contradictory hearing the State of Louisiana shall have the burden of proof beyond a reasonable doubt on any issue of fact. You shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by your written response. You have the right to remain silent, you cannot be required to testify against yourself, you do not have to admit the allegations. Your Court appointed attorney is present today and you do not have — and you do have the right to an attorney at the contradictory hearing. At the contradictory hearing this Court must determine if the allegations in the bill of information are true and correct and if they are proven true and correct this Court must determine that you are — now you’re claiming he’s a third, is that right.
By Mr. Lancaster:
Second. Second.
By the Court:
That’s right.
Mr. Lancaster:
A conviction in Bastrop ...
By the Court:
That’s right, second.
By Mr. Lancaster:
|s... on September 22nd, 1992, and then the conviction here in West Carroll Parish for the carnal knowledge of a juvenile.
By Court:
Okay, the State is contending that you’re a second felony offender and then I must sentence you in accordance with the habitual offender law. If you admit or acknowledge today that the allegations in the bill of information are true and correct then I must determine that you’re a second felony offender and sentence you accordingly. And do you believe that you understand those rights?
By Mr. Kennon:
Yes, sir.
*740 The record clearly shows that the defendant was advised of and understood his rights. Although the advisement did not take place at the habitual offender hearing, the defendant did not involuntarily admit to the state’s allegations of prior convictions at the hearing because the defendant had been previously informed of his rights, and he was represented by counsel. The law does not expressly state that the court is required to inform the defendant of his rights at each habitual offender proceeding. The law requires that the record demonstrate that the proceedings as a whole be fundamentally fair and accord the defendant due process. An inspection of the entire habitual offender proceedings including the arraignment, reveal that the proceedings were fundamentally fair and afforded the defendant due process of law. Thus, the habitual offender proceedings were valid. This assignment is without merit.

Assignments Four and Five

By these assignments of error, the defendant asserts that since the convictions arose out of a single course of conduct, the trial court erred in enhancing both sentences for the convictions. The defendant seeks to have the sentences reversed and the case remanded for imposition of the proper sentences. However, the defendant errantly relies upon this court’s holding in State v. Mayweather, 28,271 (La.App. 2 Cir.6/26/96), 677 So.2d 594. The state argues |9that since the defendant was adjudicated a second felony offender, each sentence was within the statutory limits for each conviction.
Under La.C.Cr.P. art. 881.2A(2), a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. Thus, the defendant’s sentence may not be reversed or vacated.
The Louisiana Supreme Court in State ex rel. Porter v. Butler, 573 So.2d 1106 (La.1991), explained the applicability of habitual offender provisions to multiple convictions. The court stated in pertinent part that
[t]here is no statutory bar to applying the habitual offender law in sentencing for more than one conviction obtained on the same day. Where an offender with a prior felony conviction subsequently commits multiple separate felonies and is thereafter convicted of the subsequent felonies, he is subject to being adjudicated a habitual offender as to each conviction. It matters not that the convictions occur on the same date.
Id. at 1109; State v. Flanagan, 32,535 (La.App. 2 Cir.10/29/99), 744 So.2d 718. Since a defendant may be adjudicated a habitual offender as to each conviction, each sentence for each conviction may be enhanced. Our holding in Mayweather is specific to factual circumstances where the multiple offenses are related to a single incident. Mayweather is inapposite to the defendant’s case. In that case, the defendant robbed two tellers at the same bank at the same time on the same day. We stated that when crimes occur as a part of a single transaction, only one sentence of one or more felonies may be enhanced. Mayweather, supra. In the instant case, the defendant engaged in criminal conduct on separate occasions with the same victim on different days between the period of August 1995 and July 1996. Consequently, Mayweather, is distinguishable from the case at bar.
Subject to a plea agreement, the defendant agreed to the enhancement by an additional year for each conviction. The trial court stated, as follows, that each sentence would be enhanced accordingly:
|inBy the court:
*741 And the Court will adjudicate him a second felony offender. Now, in accordance with the plea agreement and — I mean the sentencing agreement and the plea agreement whereby he pleads to being a second felony offender and in accordance with the sentencing agreement this Court will vacate the sentence imposed on April 28th, 1999. The Court will now order that on the molestation of a juvenile charge the defendant serve for a period of fifteen years at hard labor under the supervision of the Louisiana Department of Corrections, with credit for time served. Did I say sixteen?
By Mr. Lancaster:
You said fifteen.
By the Court:
Okay, strike that, it’ll be sixteen, sixteen (16) years at hard labor. And on the carnal knowledge charge it’s the order of this Court that the defendant serve for a period of eleven (11) years at hard labor under the supervision of the Louisiana Department of Corrections. These two sentences are to run concurrently (Transcript 12/1/99 pp. 4-5).
The defendant argues that the trial court did not state which conviction was enhanced. However, the record shows that the trial court properly sentenced the defendant pursuant to the habitual offender provisions within the statutory limitations and in accordance with the defendant’s plea agreement. Moreover, during the hearing, the defendant admitted that he understood that both sentences were being enhanced by one year.
We find that the trial court did not err in enhancing each of the defendant’s sentences. These assignments are without merit.
ERROR PATENT REVIEW
During the defendant’s habitual offender proceedings on December 1,1999, the trial court judge erroneously advised the defendant that he had two years within which to file an application for post-conviction relief from the date of proceedings, but that he had no right to appeal. The judge was apparently referring to La. C.Cr.P. art. 881.2(B). However, when, the defendant filed a motion to appeal, it was granted. Furthermore, the prescriptive period for post-conviction relief does not begin to run until the judgment is final under La.C.Cr.P. art. 914 or Inart. 922. Consequently, we direct the trial court to send appropriate written notice to the defendant within ten days of the rendition of this opinion and file proof of defendant’s receipt of such notice in the record of the proceedings. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992).
CONCLUSION
For the foregoing reasons, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. In his brief the appellant concedes that his claims do not pass the Blockburger test.