692 So.2d 1155 (1997)
STATE of Louisiana
v.
Keith L. CHRISTMANN.
No. 96-KA-888.
Court of Appeal of Louisiana, Fifth Circuit.
March 12, 1997.
*1156 Philip E. O'Neill, Gretna, for Defendant/Appellant Keith L. Christmann.
Jack M. Capella, Terry M. Boudreaux, Louise Korns, District Attorney's Office, Gretna, for Plaintiff/Appellee State of Louisiana.
Before BOWES, DUFRESNE and GOTHARD, JJ.
BOWES, Judge.
Defendant, Keith L. Christmann, pled guilty as charged to obtaining a controlled dangerous substance by fraud and deceit, La.R.S. 40:971.
In accordance with the plea agreement, the court sentenced defendant to five years at hard labor. At this time, as part of the plea proceedings, the state noted its intent to file a multiple bill with the agreement that the sentence would be capped at twenty years. Thereafter, the state filed a bill of information pursuant to La.R.S. 15:529.1, seeking to have defendant adjudicated a fourth felony offender.
After numerous continuances, the court conducted a hearing on the multiple offender bill of information. At the conclusion of the proceedings, the court adjudicated defendant a multiple offender, vacated its original sentence of five years, and then sentenced defendant to twenty years at hard labor. Defendant has appealed. We affirm.

ASSIGNMENTS OF ERROR
In his first assignment of error, defendant alleges that the trial court erred in imposing the enhanced sentence after an unreasonable delay of approximately fourteen months. Defendant further asserts that none of the delay was attributable to him and, since there was no satisfactory explanation for the delay, the trial court should be divested of jurisdiction with respect to the multiple offender sentence.
*1157 The record reflects the following chronology. Defendant pled guilty to obtaining a controlled dangerous substance by fraud and deceit on September 8, 1994, at which time he was sentenced to five years at hard labor. The state thereafter filed a multiple offender bill of information on February 21, 1995. At the April 13, 1995 arraignment on the multiple bill, defendant pled not guilty, and the court granted fifteen days for defendant's counsel to file responsive pleadings. The matter came for hearing on June 20, 1995. The minute entry from that date indicates that defendant was unrepresented by counsel and, accordingly, the matter was reset for July 25, 1995.
Thereafter, on July 26, 1995, the multiple bill hearing was continued and reset for September 7, 1995. The minute entry indicates that this action was taken on a joint motion of the assistant district attorney and the attorney for the defense. On September 7, 1995, defendant was absent from court and the multiple bill hearing was continued at the request of the defense attorney to October 25, 1995. When the October date arrived, defendant was again absent from court and the multiple bill hearing was continued to December 12, 1995 by order of the court. The court finally conducted a hearing on the multiple offender bill of information on December 12, 1995, adjudicated defendant a multiple offender, vacated the previous sentence, and sentenced defendant to twenty years at hard labor.
La.C.Cr.P. art. 874 reads as follows:
Sentence shall be imposed without unreasonable delay. If a defendant claims that the sentence has been unreasonably delayed, he may invoke the supervisory jurisdiction of the appellate court.
We also consider that:
In determining whether the delay was unreasonable or prejudicial, the appellate court adopts a flexible approach in which all of the circumstances are evaluated on a case-by-case basis.

City of Baton Rouge v. Bourgeois, 380 So.2d 63 (La.1980); State v. Milson, 458 So.2d 1037, 1039 (La.App. 3 Cir.1984).
Here we find that the fourteen month delay between defendant's guilty plea and his subsequent adjudication and sentence as a multiple offender is not unreasonable, especially in light of the fact that all but one of the continuances were due either to the absence of defense counsel or the absence of defendant who was apparently incarcerated at Orleans Parish Prison. Furthermore, defendant did not move for a sentencing hearing nor did he complain of the delay by application to this court pursuant to La. C.Cr.P. art. 874 prior to the imposition of the enhanced sentence. Accordingly, we find that the defendant caused the delay. See City of Winnfield v. Weems, 545 So.2d 717 (La.App. 2 Cir.1989). Defendant's first assignment of error is completely without merit.
Defendant next alleges that the sentence imposed was excessive.
In this case, defendant pled guilty pursuant to an agreement with the state. The plea bargain agreement provided that when defendant was multiple billed, there would be a sentencing cap of twenty years. Defendant was subsequently found to be a fourth felony offender and sentenced to twenty years at hard labor, which he now contends constitutes an excessive sentence.
However, a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement. La. C.Cr.P. art. 881.2A(2). This prohibition encompasses sentences imposed pursuant to plea agreements with sentencing caps. State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171.
Therefore, defendant in this case is precluded from appealing his sentence as it was imposed in conformity with a plea agreement that was set forth in the record at the time of his plea.
We further note that the sentence imposed by the trial judge was the minimum sentence allowed by statute for a fourth felony offender. See La.R.S. 15:529.1A(1)(c)(i).
Accordingly, we find defendant's second assignment of error to be without merit.
*1158 Defendant next alleges that insufficient evidence was presented by the state to support a finding that he was a fourth felony offender. He complains that the state failed to prove the dates of his release from state custody on each of the predicate offenses alleged in the multiple offender bill, and that the evidence was therefore insufficient to show the prior offenses fell within the cleansing period established under La.R.S. 15:529.1(C).
The "cleansing period" begins to run from the date the defendant is discharged from state custody or supervision on the prior offense. State v. Simmons, 95-309 (La.App. 5 Cir. 10/18/95), 663 So.2d 790. Evidence of the date of discharge for a prior sentence is an essential element to be proven in an habitual offender case. State v. Franklin, 94-409 (La.App. 5 Cir. 12/14/94), 648 So.2d 962, writ denied, 95-0143 (La.5/19/95), 654 So.2d 1354; State v. Metoyer, 612 So.2d 755 (La.App. 5 Cir.1992).
On January 14, 1994, the date of defendant's substantive offense, a cleansing period of five years was in effect. As defendant contends, there is no evidence in the record to show when defendant was discharged on any of his three prior felony offenses. The evidence does show, however, that defendant was adjudicated on each of the felonies within a five year period of his adjudication on the preceding offense. It is evident from the guilty plea transcript, arrest registers, and fingerprint cards introduced by the state at the multiple bill hearing that each of the prior offenses falls within the statute's five-year cleansing period. Proof of discharge dates on the predicate offenses was therefore unnecessary. See State v. Mayweather, 28,271 (La.App. 2 Cir. 6/26/96), 677 So.2d 594.
Accordingly, we find that this third assignment of error is also without merit.
Defendant lastly argues that the trial court erred in denying credit for good time upon imposing a sentence of twenty (20) years at hard labor. However, defendant is incorrect in his assertion that he was entitled to have the trial court explicitly grant him good time at sentencing. It is the sheriff of the parish in which the conviction was had (or, where applicable, the superintendent of the correctional facility in which defendant is incarcerated), and not the trial judge, who has the discretion to deny or award diminution of sentence for good behavior. La.R.S. 15:571.3(A); State v. Johnson, 623 So.2d 926 (La.App. 4 Cir.1993), writ granted, 93-2521 (La. 1/28/94), 630 So.2d 781, writ denied as improvidently granted, 93-2521 (La.4/14/94), 634 So.2d 1189; State v. Payne, 612 So.2d 153 (La.App. 5 Cir.1992). For this reason, this assignment also has no merit.
We have reviewed the record for errors patent, pursuant to La.C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975); including a determination of whether the defendant was properly "Boykinized," in accordance with State v. Godejohn, 425 So.2d 750 (La.1983), and we find no errors which would warrant corrective action by this court.

CONCLUSION
For the above discussed reasons the defendant's guilty plea, his adjudication as a multiple offender, and his sentence are affirmed.
AFFIRMED.