DALEY, Judge.
This is an appeal taken by the defendant who pled guilty to possession of cocaine with intent to distribute in violation of LSA-R.S. 40:967(A). For reasons assigned, we affirm the defendant’s conviction and the matter is remanded for resentencing.

FACTS:

On July 15, 1996, the Jefferson Parish District Attorney filed a Bill of Information charging defendant, Renell Williams, with possession of cocaine with intent to distribute, a violation of LSA-R.S. 40:967(A). Defendant was arraigned on July 28, 1996, and entered a plea of not guilty.
On May 14, 1997, the day that trial was scheduled to commence, defendant objected to state’s failure to produce the evidence chain of custody in response to his subpoena duces tecum. The trial court ruled that the state did not have to produce this information prior to trial, and defendant objected to that ruling. Also, on that same |3day, the trial judge held a suppression hearing, and refused to suppress the evidence collected at the scene.
After this ruling, defendant withdrew his former plea of not guilty and entered a plea of guilty as charged. The trial judge then sentenced defendant to serve fifteen (15) years hard labor in conformity with the plea agreement. At this time, the state filed a Bill of Information charging the defendant as a habitual offender alleging defendant to be a second felony offender. On the same day, defendant was arraigned on the habitual offender bill and admitted the allegations therein. The judge then vacated defendant’s original sentence and imposed an enhanced sentence of fifteen (15) years at hard labor without benefit of parole, probation or suspension of sentence. Defendant made an oral Motion for Appeal, which was supplemented in writing.
At the Suppression Hearing, Agent Robert Gerdes, a narcotics agent employed by the Jefferson Parish Sheriff’s Office, testified that on June 28, 1996, his partner, Agent Nick Nelson, received ah anonymous complaint about narcotics activity in Room 3 at the Keystone Motel. Based on this information, Agents Gerdes and Nelson, who were not in uniform, went to the Keystone Motel in the 8800 block of Airline Highway. Agent Gerdes testified that approximately forty-five minutes after receiving the call, they arrived at the motel and knocked on the door of Room 3. Agent Gerdes testified that he saw defendant open the door, holding a lit, hand-rolled cigarette in his right hand and there was a strong odor of marijuana coming from the room. Defendant was then arrested and charged with possession of marijuana. The cigarette field-tested positive for marijuana.
After defendant was arrested, Agent Gerdes testified that he searched defendant and found a clear plastic bag containing some off-white colored rocks in defendant’s [ fright front pants pocket. These rocks field-tested positive for cocaine. On cross-examination, Agent Gerdes testified that the bag contained approximately nineteen (19) rocks and weighed approximately three grams.
Agent Nelson’s testimony was substantially similar to Agent Gerdes’ testimony. Like Agent Gerdes, he testified that defendant had a lit cigarette in his right hand as he opened the door. Agent Nelson also testified that a strong odor of burning marijuana was coming from the cigarette and that defendant was arrested soon after he opened the door. Finally, Agent Nelson testified that he field-tested the marijuana and Agent Gerdes field-tested the cocaine. Both agents identified defendant at the hearing.
After this testimony, the trial court denied the Motion to Suppress with reasons. Thereafter, defendant entered a plea of guilty to the charge of possession of cocaine *1125 with the intent to distribute and also admitted the allegations in the multiple Bill of Information.

DISCUSSION

In the present case, appellate counsel has filed a brief which follows the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967) and discussed in State v. Benjamin, 673 So.2d 528 (La.App. 4 Cir.1990).
After receiving the Anders brief filed by defendant’s appellant counsel and the sentencing transcript, counsel’s Motion to Withdraw was denied and she was ordered to file a brief addressing the denial of the Motion to Suppress.
|5Puring the Boykin colloquy, the following exchange occurred:
THE COURT:
You also understand that you cannot appeal a verdict of guilty entered after a plea agreement?
THE DEFENDANT:
I — I didn’t understand—
THE COURT:
You can’t appeal the fact you pled guilty, okay? Mr. Soignet [defense counsel] has informed me that you still wish to reserve your right to appeal with regard to the motion to suppress, okay? That’s not affected by the plea of guilty; do you understand that?
THE DEFENDANT:
Yes, ma'am.
THE COURT: ■
Okay. So, you do undérstand, though, that — that means that the mere fact that you’re pleading guilty, you can’t appeal that after you agree to plead guilty.
THE DEFENDANT:
Yes, ma'am.
After the trial court accepted defendant’s plea, the following exchange occurred:
MR. SOIGNET (defense counsel):
Although we pled to the conditions in lieu of the sentence, just for the record, would you note that we will file an appeal just to cover all of Mr. Williams’—
THE COURT:
That’s fine. As I stated earlier on the record, the plea of guilty does not in any way affeet Mr. Williams’ right to ^appeal the decision under the motion to suppress that was heard earlier today, so—
MR. SOIGNET:
And, also, Your Honor, we will file a motion on the appeal of sentence just to protect his rights here also.
THE COURT:
That’s fine.
The above colloquy was determined by this Court to be sufficient to reserve the defendant’s rights to appeal the denial of his Motion to Suppress under State v. Crosby, 338 So.2d 584 (La.1976).
On appeal, defendant argues that his right to Due Process and Equal Protection was violated in that the arrest was made without probable cause. Appellant further contends that because the arrest was made without probable cause, the search incidental to his arrest was illegal and the evidence seized during that search should have been suppressed by the trial judge. In support of this argument, defendant contends that the officers went to the scene and arrested appellant based solely on information supplied by an anonymous informant.
We disagree with this assertion. The police in this case went to the motel room to investigate a complaint. They merely knocked on the door and defendant opened the door while holding a lit marijuana cigarette in plain view. Since smoking a marijuana cigarette is an illegal activity, there was probable cause to arrest the defendant. Hence, the evidence obtained incidental to a search following a lawful arrest was properly obtained and did not violate any of the defendant’s Constitutional rights. The trial court was correct in denying the defendant’s Motion to Suppress.
|7The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La. *1126 App. 5 Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983).
Although the minute entry reveals that defendant was given credit for time served as mandated by LSA-C.Cr.P. art. 880, the transcript does not so reflect. Generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). However, this error does not warrant reversal of the conviction, because the credit is mandatory. State v. Haynes, 96-84, (La.App. 5 Cir. 6/25/96), 676 So.2d 1120, 1123. Moreover, when the minute entry and commitment reflect that defendant should receive credit for time served, the error does not require correction. Id. Therefore, because the minute entry and the commitment reflect that defendant received credit for time served, it does not appear that any correction is necessary. State v. Haynes, supra.
We note that the defendant’s enhanced sentence is illegal because the trial court required the sentence to be served without benefit of parole. LSA-R..S. 15:529.1(G) only provides for the imposition of sentence without benefit of probation and suspension of sentence — not parole. Furthermore, the sentencing provision of the underlying conviction, LSA-R.S. 40:967(A), did not provide for the imposition of sentence without benefit of parole for a second habitual offense. Therefore, we remand for resen-tencing in accordance with the above provisions.
For the foregoing reasons, the defendant’s conviction is affirmed, and the matter remanded for resentencing.

AFFIRMED; REMANDED FOR RE-SENTENCING.