733 So.2d 113 (1999)
STATE of Louisiana
v.
Aaron GENTRAS.
No. 98-KA-1095.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 1999.
*114 Sandra C. Jenkins, New Orleans, Edward R. Greenlee, Baton Rouge, Attorneys for Appellant.
Paul D. Connick, Jr., District Attorney, Alison Wallis, Terry M. Boudreaux, James F. Scott, III, Assistant District Attorneys, Gretna, Attorneys for Appellee.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and SUSAN M. CHE HARDY.
*115 EDWARDS, Judge.
Defendant/Appellant Aaron Gentras appeals the conviction of the trial court finding him guilty of possession of cocaine in violation of LSA-R.S. 40:967(C), the finding as a fourth felony offender and enhanced sentence. For the following reasons, we affirm.
On May 24, 1997, deputies of the Jefferson Parish Sheriff's Office received a complaint on an anonymous tip that drug activity was taking place in Room 23 of the Texas Motel on Airline Highway. Upon arriving at the scene, the officers proceeded to stake-out the motel for approximately thirty to forty minutes. During this period of time, they noticed a high level of traffic entering and leaving Room 23.
The officers proceeded to knock on the door of the room in question, at which time defendant answered the door. The officers could see into the room and they noticed a plate protruding from underneath the bed on which rested a number of rocks of crack cocaine. The officers then entered the room, seized the plate with the crack cocaine, and incident to a lawful search, also discovered a crack pipe and a razor blade. The officers did not have a search warrant.
The room was reserved under the name of defense witness Emma Lee, a friend of the defendant and co-defendant in the case. Ms. Lee testified that the defendant did not know about the drugs when he entered the room, although he did ask her for a "wake-up hit" before entering. None of the drugs were found on defendant's person. They were merely located half-concealed under the bed.
On June 5, 1997, the defendant was charged with possession of cocaine in violation of LSA-R.S. 40:967(C). Defendant pled not guilty and filed a motion to suppress confession, evidence, and identification. After a hearing on October 24, 1997, the trial court denied this motion.
A six-member jury trial was held on March 17, 1998 before Judge Patrick McCabe of the 24th Judicial District Court. After deliberation, the jury returned with a unanimous verdict of guilty as charged. On April 3, 1998, the trial court sentenced defendant to serve five (5) years at hard labor, with credit for time served, subject to a multiple offender hearing. Defendant objected to the length of the sentence and filed a written Motion for Appeal and a Motion to Reconsider Sentence on April 8, 1998. The Motion to Reconsider Sentence was denied on April 15, 1998.
On August 7, 1998, a hearing was held on the multiple offender bill of information filed by the State. At the conclusion of the hearing, the trial court vacated the original sentence and sentenced the defendant to fifty (50) years imprisonment at hard labor without benefit of probation or suspension of sentence as a fourth felony offender. Defendant was given credit for time served. Defendant's Motion for Appeal was granted on August 14, 1998, but his Motion to Reconsider Sentence was denied on August 28, 1998. The matter is now before this Court for review.

LAW AND ANALYSIS
Defendant asserts three assignments of error on appeal. The first assignment is that the trial court erred by denying the Motion to Suppress Evidence. The second assignment is that the State failed to prove beyond a reasonable doubt that the defendant was in possession of the cocaine found in the motel room. The third assignment is that the State did not present sufficient evidence at the multiple bill hearing to prove that defendant is a fourth felony offender. The record was also reviewed for errors patent.
In his first assignment of error, defendant argues that the trial judge erred in denying the Motion to Suppress the Evidence because the officers lacked reasonable suspicion to knock on the door of the motel room and lacked probable cause to enter the motel room and seize the *116 cocaine. The State responds that the officers had reasonable cause to knock on the door of the room and that contraband within the officers' plain view gave them probable cause to arrest defendant and legally seize the contraband.
The Fourth Amendment to the United States Constitution and Article I § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1,[1] as well as state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983); cert. denied, Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
A search conducted without a warrant is per se unreasonable, unless justified by a specific exception to the warrant requirement. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); State v. Moreno, 619 So.2d 62 (La. 1993); State v. Lassere, 95-1009, p. 8 (La. App. 5th Cir.10/1/96), 683 So.2d 812, 917; writ denied, 95-2655 (La.4/14/97), 692 So.2d 445. When the constitutionality of a warrantless search is at issue on a motion to suppress, the State bears the burden of proving that the search was justified under one of the exceptions to the warrant requirement. State v. Diaz-Rubio, 615 So.2d 1124, 1127 (La.App. 5th Cir.1993); writ denied, 93-1010 (La.9/30/94), 642 So.2d 866.
It is well-settled in federal and state jurisprudence that police officers may seize contraband detected during the lawful execution of an investigatory stop. Horton v. California, 496 U.S. 128, 136-137, 110 S.Ct. 2301, 2307-2308, 110 L.Ed.2d 112 (1990); State v. Mitchell, 96-999, pp. 4-5 (La.App. 5th Cir.3/25/97), 692 So.2d 1251, 1253-1254. Under the plain view doctrine, if police officers are lawfully in a position from which they view an object that has an incriminating nature which is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant. Horton, 496 U.S. at 136-137, 110 S.Ct. 2301.
In State v. Williams, 97-677 (La.App. 5th Cir.2/11/98), 708 So.2d 1123; writ denied, 98-0695 (La.7/2/98), 724 So.2d 205, a case factually similar to this case, this Court upheld the trial court's denial of defendant's motion to suppress. In Williams, officers from the Jefferson Parish Sheriff's Office received an anonymous complaint about narcotics activity in a room at a motel on Airline Highway. When the officers arrived at the motel and knocked on the door of the room, Williams answered the door to the room holding a hand-rolled marijuana cigarette and was immediately arrested.
On appeal, Williams claimed that his constitutional rights were violated because he was arrested without probable cause. In disagreeing with Williams' assertion, this Court found that the officers who saw Williams in possession of marijuana, an activity proscribed by the laws of this State, had probable cause to arrest him. Id. at 1125.
Similarly, in the present case before the bar, the officers received a complaint from a concerned citizen which they corroborated through surveillance of the motel room. After watching the traffic in and out of the room for about thirty or forty minutes, the officers knocked on the door to the motel room, the defendant opened the door, and the officers saw the crack cocaine on a plate under the edge of the bed. At that point, their reasonable suspicion for an investigation developed into probable *117 cause to arrest the defendant. See State v. Short, 95-742 (La.App. 5th Cir.1/30/96), 668 So.2d 1240, 1245. The evidence which was seized from the room was obtained pursuant to a plain view search as well as a search incident to a lawful arrest and, thus, it was admissible at trial. Therefore, it is the opinion of this Court that the trial court did not err in denying the Motion to Suppress Evidence filed by the defendant. The judgment must be affirmed.
In his second assignment of error, defendant challenges the sufficiency of the evidence used to convict him. He specifically argues that the State failed to show possession of cocaine, an essential element of the charged offense.
The constitutional standard for testing the sufficiency of the evidence as set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to conclude that all of the essential elements of the offense have been proved beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Honore, 564 So.2d 345 (La.App. 5th Cir.1990); writ denied, 569 So.2d 968 (La.1990).
When circumstantial evidence is used to prove the commission of a crime, LSA-R.S. 15:438 mandates that, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." The requirement of LSA-R.S. 15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984); State v. Ruffin, 96-226 (La. App. 5th Cir.8/28/96), 680 So.2d 85. Thus, the entirety of the evidence, when viewed in the light most favorable to the prosecution, must be sufficient for a rational juror to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Jacobs, 504 So.2d 817, 820 (La.1987); State v. Guccione, 96-1049 (La.App. 5th Cir 4/29/97), 694 So.2d 1060; writ denied, 712 So.2d 869 (La.1998).
The defendant was convicted of possession of cocaine, in violation of 40:967(C), which provides in pertinent part that: "it is unlawful for any person to knowingly or intentionally possess a controlled dangerous substance as classified in Schedule II...." Cocaine is classified as Schedule II drug under LSA-R.S. 40:964(A)(4). To support a conviction for possession of cocaine, the State must prove that the defendant was in possession of the cocaine and that he knowingly possessed it. State v. Ruffin, supra at 87. The State, however, need only establish constructive possession of a controlled dangerous substance, rather than actual possession, to support a conviction. Id.
A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. Id. at 87. Guilty knowledge is an essential element of the crime of possession of contraband, and such knowledge may be inferred from the circumstances. State v. Riley, 587 So.2d 130 (La.App. 2nd Cir.1991). Proximity to the drug, or association with the possessor, may establish a prima facie case of possession when colored by other evidence. State v. Johnson, 404 So.2d 239 (La.1981). However, the mere presence of the defendant in the area where a controlled dangerous substance is found, or mere association with a person in possession of the substance, is insufficient to constitute constructive possession. State v. Cann, 319 So.2d 396 (La.1975).
Several factors may be considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession. They are (1) the defendant's knowledge that illegal drugs were in the area; (2) his relations *118 with the person found to be in actual possession; (3) the defendant's access to the area where the drugs were found; (4) evidence of recent drug use by the defendant; (5) the existence of paraphernalia and (6) evidence that the area was frequented by drug users. State v. Appacrombie, 616 So.2d 285, 288 (La.App. 2nd Cir.1993); writ denied, 623 So.2d 1302 (La. 1993).
Each of the elements for constructive possession were proven by the State at trial. Faced with the testimony of the witnesses, the jury elected to discredit the testimony of defense witness, Emma Lee, that defendant was not aware of the drugs in the motel room. It is not the function of the appellate court to evaluate the credibility of the witnesses and overturn the trial court on its factual determination of guilt. State v. Francis, 95-194 (La.App. 5th Cir.11/28/95), 665 So.2d 596. Such factual determinations are entitled to great weight and will not be disturbed on appeal unless clearly contrary to the evidence. Id.
Viewing the evidence in the light most favorable to the prosecution, the trial court determined that the State proved beyond a reasonable doubt the elements of the offense, including the defendant's constructive possession of the cocaine. We agree with this assessment and affirm the decision of the trial court.
In his third assignment of error, defendant argues that the State failed to prove that he is a fourth felony offender. He complains that the State did not prove the dates of discharge on the predicate offenses alleged in the multiple bill and that the evidence was insufficient to show that the ten-year cleansing period had not elapsed between each prior conviction. The State responds that the evidence presented at the multiple offender hearing proved that each adjudication fell within the ten-year prescriptive period.
The relevant statute is LSA-R.S. 15:529.1(C), which states:
This Section shall not be applicable in cases where more than ten years have elapsed since the expiration of the maximum sentence or sentences of the previous conviction or convictions, or adjudication or adjudications of delinquency, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods.
In State v. Christmann, 96-888 (La.App. 5th Cir.3/12/97), 692 So.2d 1155; writ denied, 97-0951 (La.10/03/97), 701 So.2d 196, this Court specifically dealt with the issue of lack of evidence as to the dates of discharge in predicate offenses. In Christmann, there was no evidence in the record to prove the date of defendant's discharge on any of his three prior felonies. The Court held, however, that the evidence proved that defendant was adjudicated on each of the predicate felonies within the applicable cleansing period after he committed the underlying offense. The Court held that the guilty plea transcripts, arrest registers, and fingerprint cards introduced at the multiple offender hearing were sufficient proof that the predicate offenses fell within the statute's cleansing period and, therefore, that proof of the discharge dates was unnecessary. Id. at 1158.
In this case, defendant committed the underlying felony of possession of cocaine on May 24, 1997. On that date, a cleansing period of ten years was in effect. LSA-R.S. 15:529.1(C). Defendant was convicted of the underlying offense of possession of cocaine on March 17, 1998.
The State introduced evidence of three predicate offenses by defendant. The earliest predicate offense was simple burglary. Defendant pled guilty on October 17, 1988 to simple burglary in violation of LSA-R.S. 14:62 in case number 88-2385. He was sentenced on January 11, 1989. Thus, the earliest predicate conviction was *119 within ten years of the commission of the underlying offense.
The second predicate offense was attempted possession of cocaine with intent to distribute, in violation of LSA-R.S. 40:967(A). Defendant pled guilty in 1993 to case number 92-2506.
The third predicate offense was a guilty plea for accessory after the fact to manslaughter and possession of cocaine. Defendant pled guilty in 1995 to case number 97-3916.
The evidence presented by the State at the multiple offender hearing established that defendant was adjudicated on the three predicate offenses within the ten-year cleansing period after the commission of the underlying offense. Therefore, it is the opinion of this Court that the evidence presented by the State was sufficient to sentence the defendant as a fourth felony offender and we hereby affirm the ruling of the trial court.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983). The review reveals no errors patent in this case.
In summary, it is the opinion of this Court that the trial court did not err in denying defendant's Motion to Suppress Evidence. Furthermore, the State bore its burden in proving that defendant was in constructive possession of the cocaine in question. Finally, the evidence presented by the State was sufficient to sentence defendant as a fourth felony offender. The conviction of the trial court finding him guilty of possession of cocaine in violation of LSA-R.S. 40:967(C), the finding as a fourth felony offender and enhanced sentence are affirmed.
AFFIRMED.
NOTES
[1] LSA-C.Cr.P. art. 215.1 provides in pertinent part:

A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.