798 So.2d 1004 (2001)
STATE of Louisiana
v.
Rodney MORRIS.
No. 01-KA-179.
Court of Appeal of Louisiana, Fifth Circuit.
August 28, 2001.
*1006 Paul D. Connick, Jr., District Attorney 24th Judicial District, Churita H. Hansell, Terry M. Boudreaux, Donnie Rowan, Assistant District Attorneys, Gretna, LA, Attorneys for Appellee.
Carey J. Ellis, III, Rayville, LA, Attorney for Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS and SUSAN M. CHEHARDY.
MARION F. EDWARDS, Judge.
Defendant/Appellant Rodney Morris appeals his sentencing as a fourth felony offender. Morris alleges that the State failed to prove that the applicable cleansing period between his March 24, 1983 guilty plea and his underlying conviction on October 28, 1998 did not elapse. Morris further argues that there was insufficient evidence presented during the habitual offender proceeding to demonstrate that the prior offenses resulted in convictions based on valid guilty pleas. We affirm in part, reverse in part, and remand for resentencing.
On February 12, 1998, the Jefferson Parish District Attorney filed a bill of information charging the defendant, Rodney Morris, with 16 counts of distribution of cocaine, in violation of LSA-R.S. 40:967(A). On October 28, 1998, after a two-day trial, the 12-member jury found Morris guilty as charged on counts one, two, and three of the bill of information. On December 9, 1998, the trial judge sentenced Morris to 25 years at hard labor without benefit of probation, parole, or suspension of sentence on each count to run concurrently. The State thereafter notified Morris that it intended to file a multiple offender bill of information against him.
On January 22, 1999, the State filed a multiple offender bill of information alleging that Morris was a fourth felony offender. On January 27, 1999, he responded to the multiple offender bill of information, asserting that his predicate convictions could not be used to enhance the penalty for his underlying felony because he was not advised at the time of his predicate convictions that they could be used to enhance the penalty for future convictions. Morris' first appeal was lodged on February 25, 1999. The hearing on the multiple offender bill of information had not yet occurred. Therefore, on April 8, 1999, this Court granted Morris' Motion to Dismiss without prejudice, reserving his right to reinstate his appeal after the multiple offender proceeding was completed.
On September 8, 1999, Morris appeared before the trial court and denied the allegations of the multiple offender bill of information. That same day, the trial court also denied Morris' Motion to Reconsider Sentence. On January 5, 2000, after a hearing, the trial court found Morris to be a fourth felony offender. On October 25, 2000, the trial judge vacated Morris' original sentence on count one and sentenced him, as a fourth felony offender with a crime of violence and a violation of the controlled dangerous substances law, to life imprisonment without benefit of parole, probation, or suspension of sentence.
On October 30, 2000, Morris filed a Motion for Appeal, which was granted on November 6, 2000.
The facts underlying Morris' most recent conviction are not in dispute. However, in regard to the offenses outlined in the multiple offender bill of information that was filed, the State alleged that Morris, who was convicted on October 28, 1998 of three counts of distribution of cocaine, in violation of LSA-R.S. 40:967(A), was one and the same person who was previously convicted three times in case number 94-3090 *1007 of the 24th Judicial District Court for Jefferson Parish on August 25, 1994 of aggravated battery, a violation of LSA-R.S. 14:34; in case number 86-3560 of the 24th Judicial District Court for Jefferson Parish on February 9, 1987 of theft between $100.00 and $500.00, a violation of LSA-R.S. 14:67; and in case number 83-236 of the 24th Judicial District Court for Jefferson Parish on March 24, 1983 of distribution of pentazocine, a violation of LSA-R.S. 40:967.

LAW AND ANALYSIS
In his first assignment of error, Morris contends that the State did not prove that the applicable cleansing period between his March 24, 1983 guilty plea and his underlying conviction on October 28, 1998 did not elapse. He also argues that the State did not prove that the applicable cleansing period between his February 9, 1987 guilty plea and his underlying conviction of October 28, 1998 did not elapse. The State responds that less than ten years has passed "since the defendant's conviction on a predicate felony and his commission of a subsequent predicate felony."
In State v. Christmann,[1] this Court discussed the applicable cleansing period for a multiple offender proceeding under LSA-R.S. 15:529.1(C):
The `cleansing period' begins to run from the date the defendant is discharged from state custody or supervision on the prior offense. State v. Simmons, 95-309 (La.App. 5th Cir.10/18/95), 663 So.2d 790. Evidence of the date of discharge for a prior sentence is an essential element to be proven in an habitual offender case. State v. Franklin, 94-409 (La.App. 5th Cir.12/14/94), 648 So.2d 962, writ denied, 95-0143 (La.5/19/95), 654 So.2d 1354; State v. Metoyer, 612 So.2d 755 (La.App. 5th Cir.1992).[2]
On July 9, 1997, the date of Morris' substantive offense, a cleansing period of ten years was in effect[3]. According to the October 25, 2000 transcript of Morris' multiple offender sentencing, the State presented evidence that he pled guilty in case number 86-3560 on February 9, 1987 and was incarcerated on that charge until August 29, 1990. The evidence shows, therefore, that his date of discharge for his 1987 predicate was within the ten-year cleansing period of the date of commission of his underlying offense. Further, the 1994 predicate clearly falls within the ten-year cleansing period of the commission of his underlying offense.[4]
Based on the foregoing, it is clear from the arrest registers, bills of information, minute entries, and fingerprint cards introduced by the State at the multiple bill hearing and sentencing that Morris' 1987 and 1994 predicate offenses both fall within the ten-year cleansing period found in LSA-R.S. 15:529.1(C). Proof of discharge dates on the predicate offenses was therefore unnecessary.[5] The trial court did not err in this regard and the judgment must be affirmed.
*1008 In his second assignment of error, Morris contends that the proof offered by the State in this case does not: (1) reflect that the trial judge personally addressed the defendant to inform him of his Boykin rights, (2) reflect that he then waived those rights, or (3) indicate that he was represented by an attorney at any of his prior guilty plea proceedings. The State responds that the record reflects that, at the multiple offender proceeding, it presented Boykin forms for Morris' predicate guilty pleas, which indicate that he was represented by an attorney and properly advised by the trial judge of his constitutional rights prior to waiving those rights and pleading guilty.
In State v. Hollins,[6] this Court, citing State v. Shelton,[7] summarized the burden of proof in habitual offender proceedings as follows:
To prove that a defendant is an habitual offender, the State must establish by competent evidence the prior felony convictions and that defendant is the same person who was convicted of the prior felonies. The State may establish this by various means, such as the testimony of witnesses to prior crimes, expert testimony matching fingerprints of the accused with those in the record of prior proceedings or photographs contained in a duly authenticated record. The State must further show that the prior convictions fall within the ten year cleansing period prescribed by La.R.S. 15:529.1(C).
Where a prior conviction resulted from a guilty plea, the State must show that the defendant was advised of his constitutional rights and that he knowingly waived those rights prior to the guilty plea, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). If defendant denies the allegations of the bill of information, the State has the burden of proving the existence of the prior guilty pleas and that defendant was represented by counsel. Once the State meets this burden, defendant must produce some affirmative evidence of an infringement of his rights or of a procedural irregularity. Thereafter, the State must prove the constitutionality of the plea.
In proving the constitutionality of the plea, the State must produce either a `perfect' transcript of the Boykin colloquy between the defendant and the trial judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an `imperfect' transcript. If anything less than a `perfect' transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant's prior guilty plea was informed and voluntary.[8]
In this case, the State filed an habitual offender bill of information alleging that Morris is a fourth felony offender. In the bill, the State listed three prior convictions: in case number 94-3090, tendered on August 25, 1994, Morris pled guilty to aggravated battery; in case number 86-3560, tendered on February 9, 1987, Morris pled guilty to theft between $100.00 and $500.00; and in case number 83-236, tendered on March 24, 1983, Morris pled guilty to distribution of pentazocine.
Pursuant to LSA-R.S. 15:529.1, Morris filed a written response to the habitual *1009 offender bill of information, stating that the Boykin hearings in the prior convictions were defective because the courts which accepted the pleas failed to advise him of the possible future applicability of LSA-R.S. 15:529.1. He also argued that the evidence to be used by the State was inadmissible as hearsay.

1994 guilty plea in case number 94-3090
At the hearing, the State introduced a certified copy of the bill of information charging Morris with aggravated battery as well as a "Hard Labor Sentencing Form" dated August 24, 1994. The minute entry reflects that Morris was represented by counsel, that he was advised of and waived his rights, and that he subsequently pled guilty to the charge of aggravated battery. In addition, the State introduced the waiver of rights form signed by Morris, his attorney, and the trial judge, which reveals that he was advised of and voluntarily waived his right to trial by jury, his right to confront his accusers, and his right against self-incrimination. This waiver form also informed Morris of the maximum sentence which could be imposed upon a conviction as well as the actual sentence which would be imposed.
The State also presented testimony by Lieutenant Patricia Adams of the Jefferson Parish Sheriff's Office, an expert in latent fingerprint examination, who testified that Morris' fingerprints taken on the day of the multiple bill hearing matched those contained on the bill of information for case number 94-3090.
According to Shelton and Hollins, supra, the burden then shifted to Morris to affirmatively prove an infringement on his rights or a procedural irregularity in the taking of the plea itself. In the present case, Morris alleged at the hearing that the evidence does not prove that he was adequately advised of his Boykin rights. However, he did not present any evidence to support his allegation of an infringement of his rights or a procedural irregularity. At the hearing, the State produced a well-executed guilty plea form and a minute entry for the same date.
In accordance with Shelton and Hollins, if anything less than a "perfect" transcript is submitted, the trial judge then weighs the evidence to determine whether the State has met its burden that the defendant's plea was knowing and voluntary. Based on the evidence, the trial judge found that the State adequately proved that Morris' guilty plea in case number 94-3090 was knowingly and voluntarily made. We find that there was sufficient evidence to support the trial judge's finding with respect to Morris' 1994 guilty plea.

1987 guilty plea in case number 86-3560
With regard to Morris' 1987 guilty plea, the State introduced a certified copy of the bill of information charging him with one count of theft of property over $350.00[9] as well as a minute entry that stated that he appeared in court, while represented by counsel, tendered a plea of guilty to R.S. 14:64, was advised of his constitutional rights, and waived these same rights.
In addition, the State introduced a Waiver of Rights form signed by Morris, his attorney, and the trial judge, evidencing that he was advised of and waived his right to trial by jury, his right to confront his accusers, and his right against self-incrimination. *1010 This waiver form also reveals that Morris was advised of the maximum sentence that could be imposed as well as the actual sentence that would be imposed in accordance with the terms of the plea agreement.
The State further presented testimony by Lieutenant Patricia Adams of the Jefferson Parish Sheriff's Office, an expert in latent fingerprint examination, who stated that Morris' fingerprints taken on the day of the multiple bill hearing matched those contained on the arrest register that matches the complaint number listed on the bill of information for case number 86-3560.
Pursuant to Shelton and Hollins, supra, the burden then shifted to Morris to affirmatively prove an infringement on his rights or a procedural irregularity in the taking of the plea itself. In the present case, Morris alleged at the hearing that the evidence does not prove that he was adequately advised of his Boykin rights, but he did not present affirmative evidence of a procedural irregularity or an infringement of his rights. At the hearing, the State produced a well-executed guilty plea form and a minute entry for the same date.
Based on the evidence, and in accordance with Shelton and Hollins, supra, we find the trial judge correctly ruled that the State adequately proved that Morris' guilty plea in case number 86-3560 was knowingly and voluntarily made.

1983 guilty plea in case number 83-236
The State presented testimony by Lieutenant Patricia Adams of the Jefferson Parish Sheriff's Office, an expert in latent fingerprint examination, stating that Morris' fingerprints taken on the day of the multiple bill hearing matched those contained on the arrest register bearing item number L0421882, which matches the complaint number on the bill of information for case number 83-236. The State further introduced a certified copy of the bill of information charging Morris with distribution of pentazocine. The State also presented two minute entries dated March 30, 1983. The first minute entry indicates that Morris appeared in court, while represented by counsel, and was sentenced to five years at hard labor. The second minute entry is the commitment that commits Morris to the Department of Corrections for the execution of his sentence.
The first minute entry reflects that Morris was represented by counsel during sentencing. Neither minute entry, however, reflects that Morris was advised of his rights, waived his rights or that he pled guilty. The State also introduced, however, a partial[10] waiver of rights form dated March 30, 1983 signed by Morris and the trial judge, which reveals that he was advised of and voluntarily waived his right to trial by jury, his right to confront his accusers, and his right against self-incrimination. This waiver form also informed Morris of the maximum sentence that could be imposed upon a conviction as well as the actual sentence that would be imposed.
This Court has consistently reasoned that before the burden of proof in a multiple offender hearing would shift to the defendant, in cases where the defendant denies the multiple offender allegations, then the State must first prove that defendant was represented by counsel when the plea was taken.[11] For this particular prior *1011 conviction, while the State has arguably shown the existence of a guilty plea, there was no evidence presented to indicate that Mr. Morris was represented by counsel at the time that his plea was taken. Therefore, we find that there was not sufficient evidence to support the trial judge's finding that his 1983 guilty plea could be used to enhance his 1998 conviction.
The record was reviewed for errors patent.[12] The following has been noted on review.
The trial court failed to observe the mandatory 24-hour delay between denying a Motion for New Trial and imposing sentence on Morris' underlying offenses, as required by LSA C.Cr.P. art. 873. His original sentence (count one) was vacated, however, after he was found to be a multiple offender. In State v. McGinnis,[13] this Court ruled "[b]ecause the trial court subsequently set aside the original sentence at the multiple offender proceeding, this sentencing error also was harmless." Thus, we find that the trial court's error with respect to count one was harmless.
In this case, Morris was originally sentenced on three counts of distribution of cocaine and only one count was vacated. However, Morris neither objected below nor raised a sentencing error on appeal, therefore, we find that no corrective action is required as to count two and three of the original bill of information.[14]
The second error patent observed is that Morris was sentenced to 25 years without benefit of probation, parole, or suspension of sentence on his underlying offense of distribution of cocaine, a violation of LSA-R.S. 40:967(A).[15] The penalty for a violation of LSA-R.S. 40:967(A), however, ranges from five to thirty years imprisonment, but only the first five years is without benefit of probation, parole, or suspension of sentence.[16] Thus, the imposition of the entire sentence without benefit of probation, parole, or suspension of sentence was illegal. However, because the sentence was subsequently vacated when Morris was sentenced as a multiple offender, any error that occurred was harmless. Accordingly, we find that no corrective action is required.
It is further noted that the transcript and minute entry for Morris' October 25, 2000 habitual offender sentencing proceeding are inconsistent because the minute entry reflects that the trial judge imposed his sentence without benefit of probation, parole, or suspension of sentence, but the transcript reflects that the trial judge failed to deny parole eligibility as required by LSA-R.S. 15:529.1(A)(1)(c)(ii). When there is a conflict between the transcript and the minute entry, the transcript prevails.[17] Although the sentence was illegally lenient, the State neither objected to the sentence in the *1012 trial court nor raised the issue on appeal. Therefore, this Court will not amend or set aside the illegally lenient sentence on its own motion.[18]
In summary, it is the opinion of this Court that Morris' 1987 and 1994 predicate offenses both fall within the ten-year cleansing period found in LSA-R.S. 15:529.1(C). In regard to the multiple offender hearing, we find that the evidence presented was sufficient to prove his 1987 and 1994 predicate convictions. However, we must reverse the finding of the trial court regarding Morris' 1983 guilty plea. It cannot be used to enhance the penalty for his underlying offense since the State did not present adequate proof that he was fully advised of his constitutional rights prior to waiving those rights, or that he was represented by counsel at the time that his guilty plea was taken. Therefore we remand this matter to the trial court for re-sentencing, in which Morris' 1983 guilty plea will not be considered for the purposes of the penalty imposed. Accordingly, based on the foregoing, the judgment of the trial court must be affirmed in part, reversed in part, and remanded for resentencing.
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR RESENTENCING.
NOTES
[1] 96-888, p. 5 (La.App. 5th Cir.3/12/97), 692 So.2d 1155, writ denied, 97-0951 (La.10/3/97), 701 So.2d 196, reconsid. denied, 97-0951 (La.11/21/97), 703 So.2d 1295.
[2] Id. at 1158.
[3] See LSA-R.S. 15:529.1(C).
[4] It should be noted that the applicability of the cleansing period for Morris' 1983 guilty plea is not discussed here, as the issue of his 1983 conviction is fully addressed in appellant's second assignment of error.
[5] State v. Christmann, supra (citing State v. Mayweather, 28, 271 (La.App. 2nd Cir.6/26/96), 677 So.2d 594).
[6] 99-278 (La.App. 5th Cir.9/1/99), 742 So.2d 671, writ denied, 99-2853 (La.1/1/01), 778 So.2d 587, 588.
[7] 621 So.2d 769 (La.1993).
[8] State v. Hollins, 742 So.2d at 684-685 (citations omitted).
[9] According to the bill of information, the defendant was also charged with one count of possession of cocaine. The record does not disclose the disposition of that charge.
[10] Pages were missing from the waiver of rights form introduced into evidence.
[11] See State v. Hollins 99-278 (La.App. 5th Cir.9/1/99), 742 So.2d 671, writ denied, 99-2853 (La.1/1/01), 778 So.2d 587, 588, State v. Conrad, 94-232 (La.App. 5th Cir.11/16/94), 646 So.2d 1062, 1064, writ denied, 94-3076 (La.4/7/95), 652 So.2d 1345;
[12] LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
[13] 00-219 (La.App. 5th Cir.08/29/00), 768 So.2d 216, 219 (citing State v. Brown, 95-124 (La.App. 5th Cir.5/30/95), 656 So.2d 1070, 1077)
[14] State v. Herrera, 98-677 (La.App. 5th Cir.02/10/99), 729 So.2d 75, 80.
[15] He was sentenced to serve 25 years without benefit of probation, parole, or suspension of sentence on each of three counts.
[16] LSA-R.S. 40:967(B)(4)(b).
[17] State v. Lynch, 441 So.2d 732, 734 (La. 1983).
[18] State v. Fraser, 484 So.2d 122, 124 (La. 1986), State v. Pickett, 99-0532 (La.App. 5 Cir. 10/26/99), 746 So.2d 185, 190.