800 So.2d 958 (2001)
STATE of Louisiana
v.
Gregory JONES.
No. 01-KA-177.
Court of Appeal of Louisiana, Fifth Circuit.
October 17, 2001.
*960 Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Thomas S. Block, Gregory M. Kennedy, Assistant District Attorneys, Gretna Courthouse, Gretna, LA, Attorneys for Appellee.
Gregory K. Voigt, New Orleans, LA, Attorney for Appellant.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and SUSAN M. CHEHARDY.
MARION F. EDWARDS, Judge.
Defendant Gregory Jones appeals the denial of his Motion To Suppress Evidence and also makes a claim of ineffective assistance of counsel. For the reasons to follow we affirm the plea and sentence, and remand for correction of the minutes/commitment.
Jones was arrested on August 20, 1999, by the Jefferson Parish Sheriffs Office and charged by Bill of Information with possession with intent to distribute cocaine, a violation of LSA-R.S. 40:967(A). (The bill of information also charged co-defendant Jimmy Segura with the same offense. However, it appears the parties were severed for purposes of trial.) Jones initially pled not guilty and the matter was set for trial. Jones filed a Motion To Suppress the Evidence which the trial court heard on September 12 and 20, 2000, and subsequently denied. On October 11, a jury was chosen with the trial set to commence on the following day. However, on October 12, 2000, Jones withdrew his plea of not guilty and entered a guilty plea. He waived sentencing delays and was sentenced to 20 years at hard labor.
Immediately thereafter, the State filed a multiple offender bill of information alleging Jones to be a second felony offender. After being advised of his rights, Jones stipulated to the allegations contained in the multiple bill. His original sentence was vacated and he was sentenced under LSA-R.S. 15:529.1 to 20 years at hard labor.
Jones now appeals his conviction.
On August 20, 2000 at approximately 12:30 a.m., Deputies John Doyle and Kevin Guillot observed a vehicle disregard a stop sign at the intersection of Pear and Little Farms Road. When they attempted to make a traffic stop, the vehicle fled. While the vehicle was fleeing, Deputies Doyle and Guillot, both of whom are with the Street Crimes Division of the Jefferson Parish Sheriffs Office, observed the front seat passenger throwing small round objects out of the window. Deputy Doyle advised other police units via radio of the possible pursuit that involved possible narcotic activity. (The deputies had also previously received a tip from a confidential informant, approximately one to two hours prior to the traffic stop, advising them that Jimmy Segura would be driving a red Pontiac Grand Am to a location on Tudor Street in order to make a large delivery of crack cocaine.) Another police unit responded and blocked the path of the fleeing vehicle.
Deputies Doyle and Guillot immediately approached the vehicle at which time they saw Jones, the front seat passenger, stuff an object into the air conditioning vent on the dashboard. When Jones moved his hand away from the vent, Deputy Guillot saw a clear plastic bag. The deputies ordered all three occupants out of the car and retrieved the plastic bag which contained crack cocaine. A subsequent pat down search of Jones revealed he had $733.00 on his person. Jones and the driver of the vehicle, Jimmy Segura, were arrested. However, the third occupant, who was the back seat passenger, was released.
*961 Jones now appeals the denial of his Motion to Suppress the Evidence. The State responded to Jones's appeal by stating he had waived his right to appeal because he pled guilty. While recognizing that a defendant can expressly reserve his right to appeal a specific adverse ruling[1], the State argued defendant did not enter a Crosby plea.
Although the transcript in the original appellate record did not contain a Crosby plea, the minute entry from October 12, 2000, indicated that Jones reserved his right to appeal the Motion To Suppress. For clarification, this court ordered supplementation of the record, which revealed a portion of transcript verifying that Jones made the requisite oral Crosby reservation. This court has previously determined that an exchange similar to the one in the present case was sufficient to reserve a defendant's right under Crosby.[2] The issue is therefore properly before us.
Jones claims he had ineffective assistance of trial counsel because he was persuaded to plead guilty by the promise of a futile appeal. He asserts his trial counsel advised him to plead guilty on the basis of a hopeful appeal of the trial court's denial of his motion to suppress. Jones contends his appeal is in vain because the trial judge's ruling on the motion to suppress was based on a credibility determination that is rarely disturbed on appeal. Jones argues that, had he not pled guilty and had he gone to trial, a jury could have assessed credibility differently. Thus, he maintains he had ineffective assistance of counsel. Although such claim is ordinarily not addressed in a Crosby appeal, in this particular instance we consider the matter to the following limited extent.[3] A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. In order to show ineffective assistance of counsel, the defendant must demonstrate that 1) his attorney's performance was deficient, and 2) he was prejudiced by the deficiency.[4]
A claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief, filed in the trial court where a full evidentiary hearing can be conducted, rather than direct appeal.[5] However, it is well settled that when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy.[6] Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under LSA-C.Cr.P. arts. 924-930.8.[7]
*962 This Court has previously refused to address a defendant's ineffective assistance of counsel claim on appeal, on the basis that the record did not contain any information to support defendant's allegations.[8] We determined that the defendant's claim for ineffective assistance of counsel was better addressed in post-conviction relief which allows a full evidentiary hearing thereby creating an adequate record for appellate review.[9]
Similarly, in the present case, the record is not sufficient to conduct a review of Jones's claim for ineffective assistance of counsel. Jones claims he pled guilty based on the representations of his attorney of a successful appeal. There is no evidence in the record to support this allegation and, therefore, nothing for this Court to review. We note that Jones's sentence was not the maximum which he could have received under the statute and thus his sentencing exposure was reduced, a substantial benefit of the plea bargain. We find that under the circumstances of this case, the issue presented is more properly addressed in proceedings for post-conviction relief.
Jones also argues that his motion to suppress should have been granted because the police did not have reasonable suspicion to conduct an investigatory stop. Jones maintains the information from the confidential informant was not reliable and, therefore, inadequate to justify an investigatory stop. He asserts the informant was "untested" and the information received from the informant was "unverified."
Law enforcement officers are authorized by LSA-C.Cr.P. art. 215.1, as well as state and federal jurisprudence, to conduct investigatory stops which allow officers to stop and interrogate a person who is reasonably suspected of criminal activity.[10] "Reasonable suspicion" to stop is something less than probable cause and is determined under the facts and circumstances of each case by whether the officer had sufficient facts within his knowledge to justify an infringement on the individual's right to be free from governmental interference.[11] Evidence derived from an unreasonable stop will be excluded from trial.[12]
The violation of a traffic regulation provides reasonable suspicion to stop a vehicle.[13] In the present case, the record clearly shows the vehicle in which Jones was riding was stopped for a traffic violation. Both Deputies John Doyle and Kevin Guillot testified that they stopped the vehicle for disregarding a stop sign, although Deputy Doyle admitted the stop was also based on the confidential informant information. In addition, defense witness Kevin Cross, who was the back seat passenger of the stopped vehicle, admitted that the vehicle in which he was riding did not stop at the stop sign. Deputy *963 Doyle stated that he issued the driver a traffic citation for disregarding a stop sign. Thus, it is clear that the officers' stop of the vehicle was legal.[14]
In effecting the legal traffic stop, the officers observed the crack cocaine in plain view. Deputy Doyle testified that as he approached the vehicle, he saw defendant shoving a clear plastic bag with crack cocaine into the air conditioning vent. In order for the plain view exception to the warrant requirement to apply, there must be prior justification for police intrusion into a protected area and it must be immediately apparent, without close inspection, that the item is contraband.[15] Because the officers conducted a lawful traffic stop and observed the crack cocaine in plain view, the trial court properly denied defendant's motion to suppress the evidence. This assignment of error is without merit.
We have reviewed the record for errors patent according to LSA-C.Cr.P. art. 920.[16] In so doing we note the following error.
Jones received an illegally lenient original sentence and enhanced sentence. LSA-R.S. 40:967(B)(4)(b) provides that whoever is convicted of possession with intent to distribute cocaine shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of said sentence being served without benefit of parole, probation, or suspension of sentence. Jones was originally sentenced to 20 years but the trial court failed to specify that the first five years were to be served without the benefit of parole, probation or suspension of sentence. Nonetheless, this issue is moot because the original sentence was vacated in favor of an enhanced sentence under LSA-R.S. 15:529.1.
The trial court sentenced defendant as a second felony offender to 20 years but failed to require that the term be served without the benefit of probation or suspension of sentence in compliance with LSA-R.S. 15:529.1(G). The State has not raised the issue of an illegally lenient sentence either in the court below or on appeal. In the past, appellate courts have declined to amend or set aside illegally lenient sentences where neither the defendant nor the state has raised the issue on appeal.[17]
The law in this area changed on August 15, 1999, when LSA-R.S. 15:301.1 became effective, permitting a court to amend an illegally lenient sentence even if the district attorney did not file a Motion to Reconsider and subsequently raise the issue on appeal. Subsection (D) of that statute provides that any amendment to any criminal sentence as authorized therein shall be completed within one hundred eighty days of the initial sentencing. This court has previously held that in a situation such as the present case, where the one hundred eighty day time limitation set by the legislature to amend the sentence has already *964 elapsed, the illegally lenient sentence cannot be acted upon.[18] We follow that reasoning here, noting that while the commitment reflects that the Jones's sentence is to be served without the benefits of probation or suspension of sentence, the transcript reflects that the trial court did not impose the sentence to be served without benefits. Where there is a discrepancy between the transcript and the minute entry, the transcript will prevail.[19] Therefore, this matter must be remanded and the trial court ordered to amend the commitment to conform with the sentencing transcript. We note no other errors patent.
For the foregoing reasons, we affirm Jones's guilty plea and sentence. We remand and order the trial court to amend the commitment and minute entry of the habitual offender hearing to conform to the transcript.
CONVICTION AND SENTENCE AFFIRMED, CASE REMANDED WITH INSTRUCTIONS FOR SPECIFIED PURPOSES.
NOTES
[1] See State v. Crosby, 338 So.2d 584 (La. 1976).
[2] See State v. Williams, 97-677 (La.App. 5 Cir. 2/11/98), 708 So.2d 1123, 1125, writ denied, 98-0695 (La.7/2/98), 724 So.2d 205.
[3] See e.g. State v. James, 99-423 (La.App. 4 Cir. 2/16/00), 755 So.2d 995, 999, writ denied, 00-872 (La.3/9/01), 786 So.2d 112.
[4] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075, writ denied, 94-1361 (La.11/4/94), 644 So.2d 1055.
[5] State v. McIntyre, 97-876 (La.App. 5 Cir. 1/27/98), 708 So.2d 1071, 1075, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753.
[6] State v. Peart, 621 So.2d 780, 787 (La.1993); State v. McIntyre, supra.
[7] State v. Rose, 97-943 (La.App. 5 Cir. 1/27/98), 708 So.2d 1093, 1095.
[8] See State v. Jordon, 98-823 (La.App. 5 Cir. 3/10/99), 732 So.2d 569, 573, writ denied, 99-0998 (La.9/17/99), 747 So.2d 1098,
[9] Also see State v. Calloway, 00-1230 (La.App. 5 Cir. 2/28/01), 781 So.2d 849
[10] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Gresham, 97-1158 (La.App. 5 Cir. 4/15/98), 712 So.2d 946, 951, writ denied, 98-2259 (La.1/15/99), 736 So.2d 200.
[11] State v. Sanders, 97-892 (La.App. 5 Cir. 3/25/98), 717 So.2d 234, 240, writ denied, 98-1163 (La.9/25/98), 724 So.2d 774.
[12] State v. Benjamin, 97-3065 (La.12/1/98), 722 So.2d 988, 989.
[13] State v. Allen, 93-838 (La.App. 5 Cir. 5/21/94), 638 So.2d 394, 398.
[14] See e.g., State v. Thomas, 99-2219 (La. App. 4 Cir. 5/17/00), 764 So.2d 1104, 1112-1113, writ denied, 00-1734 (La.6/22/01), 794 So.2d 780.
[15] Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); State v. Gentras, 98-1095 (La.App. 5 Cir. 3/30/99), 733 So.2d 113, 116, writ denied, 99-1302 (La.10/15/99), 748 So.2d 464.
[16] See State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990).
[17] See State v. Fraser, 484 So.2d 122, 124 (La.1986); State v. Jolly, 00-181 (La.App. 5 Cir. 7/25/00), 768 So.2d 165, 173.
[18] State v. Barroso, 99-1297 (La.App. 5 Cir. 5/17/00), 762 So.2d 206.
[19] State v. Lynch, 441 So.2d 732 (La.1983); State v. Barroso, supra.