768 So.2d 216 (2000)
STATE of Louisiana
v.
John J. McGINNIS.
No. 00-KA-219.
Court of Appeal of Louisiana, Fifth Circuit.
August 29, 2000.
*217 Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, Louisiana, Attorney for Appellant, John J. McGinnis.
Paul D. Connick, Jr., District Attorney for the Parish of Jefferson, Terry Boudreaux, Assistant District Attorney, Gretna, Louisiana, Attorneys for Appellee, The State of Louisiana.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and SUSAN M. CHEHARDY.
CHEHARDY, Judge.
On August 19, 1997, the Jefferson Parish District Attorney filed a bill of information charging defendant, John J. McGinnis, with one count of armed robbery in violation of La. R.S. 14:64. At his arraignment on September 16, 1997, defendant pled not guilty.
On April 14, 1998, a twelve-member jury was selected and trial was held. The jury found defendant guilty as charged, and defendant was thereafter sentenced to imprisonment at hard labor for a term of thirty-five years.
On April 20, 1998, the Jefferson Parish District Attorney filed a multiple offender bill of information, alleging defendant to be a second felony offender. At the November 11, 1998 hearing, defendant admitted the allegations contained in the multiple offender bill of information. The trial court accepted defendant's admission, vacated defendant's prior sentence and sentenced defendant to forty-five and one-half years at hard labor, without benefit of parole, probation, or suspension of sentence. This appeal ensued.

*218 FACTS

On the afternoon of June 17, 1997, Hebert Boines was robbed at gunpoint in his home. Boines was watching television when a girl, later identified as Myranish Francois, arrived at his door and asked to use his phone. As she was using the phone, two men forced their way inside and grabbed Boines. One of the men was carrying a gun. He slapped Boines and put the gun to his head. Boines was then taken into the kitchen, tied up and blindfolded.
At trial, Boines testified that the three people robbed him of approximately $4,000 in cash and his truck. Boines further testified that defendant was one of the two men who came into his apartment.
Myranish Francois also testified at trial. She admitted that she went into Boines' apartment to use the phone, and that she was involved in the armed robbery of Boines. She also testified that defendant was one of the two men involved. She further testified that the gun which was used belonged to defendant.

DISCUSSION
In this matter, appellate defense counsel has filed a brief that follows the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh'g denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), which was adopted in State v. Bradford, 95-929, 95-930 (La. App. 5 Cir.6/25/96), 676 So.2d 1108. See also, State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241.
In his appellate brief, defense counsel notes three issues, but states that there are no non-frivolous issues which would arguably support an appeal. Each of the issues noted by defense counsel is discussed separately below.

Reference to other crimes
Defense counsel notes that during the cross-examination of defendant's brother, the prosecutor asked, "Has your brother ever been convicted of carrying a gun?" Defense counsel objected to the question and was overruled. The witness then answered: "Not to my knowledge. Not to my knowledge."
Defense counsel asserts that this question was improper, citing La.C.Cr.P. art. 770, which states in part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
Defense counsel notes that trial counsel failed to request an admonition or mistrial. Defense counsel states that the failure to request an admonition or mistrial precludes defendant from raising this issue on appeal. While we do not find this position to be accurate[1], we nevertheless find that the prosecutor's question did not produce inadmissible other crimes evidence which would necessitate a mistrial.
Generally, evidence of other acts of misconduct is inadmissible. La. C.E. art. 404(B)(1); State v. Prieur, 277 So.2d 126 (La.1973). On appeal, an improper reference to other crimes evidence is subject to the harmless error rule. The test for determining harmless error is whether the verdict actually rendered in the case was surely unattributable to the error. State v. Battie, 98-1296 (La.App. 5 Cir.5/19/99), 735 So.2d 844, 852, writ denied, 99-1785 (La.11/24/99), 750 So.2d 980.
In this case, Myranish Francois testified earlier in the trial that defendant owned *219 the gun that was used in the armed robbery. Later, in his case in chief, defense counsel asked defendant's brother if defendant owned a gun. Defendant's brother responded: "No, sir." On cross-examination, defendant's brother was asked if defendant had ever been convicted of carrying a gun. After the defense objection was overruled, the witness replied in the negative. Given the witness' reply, and the fact that no other questions regarding this issue were raised, we find any error to be harmless. Accordingly, we find that the jury was not presented with other crimes evidence necessitating a mistrial.

Failure to waive delays following a motion for new trial
Defense counsel notes that the trial court denied defendant's motion for new trial and sentenced defendant on the same day. La.C.Cr.P. art. 873 mandates a twenty-four hour delay between the denial of a new trial motion and sentencing.
However, in State v. Brown, 95-124 (La. App. 5 Cir.5/30/95), 656 So.2d 1070, 1077, we addressed an identical situation where the trial court failed to observe the mandatory twenty-four hour delay between denying a motion for new trial and imposing the original sentence, as required by La. C.Cr.P. art. 873. As is the case in the matter before us, in Brown, the defendant's original sentence was vacated after defendant was found to be a multiple offender. This Court found that, "because the trial court subsequently set aside the original sentence at the multiple offender proceeding, this sentencing error also was harmless." Id. at 1077. Accordingly, this issue does not arguably support an appeal.

Excessive Sentence
Defense counsel notes that although defendant was given a sentence of forty-five and one-half years, that the minimum sentence is actually forty-nine and one-half years. La. R.S. 14:64; La. R.S. 15:529.1 A(1)(a).
It is noted that although defendant's sentence is illegally lenient, the jurisprudence in effect at the time of the commission of the underlying offense and at the time of re-sentencing does not allow this Court to correct the error.[2] That jurisprudence provided that, where the state failed to preserve the error for appeal by filing a timely motion to reconsider sentence in the district court and by subsequently raising the issue on appeal, the reviewing court could not set aside an illegally lenient sentence. State v. Fraser, 484 So.2d 122 (La.1986); State v. Harrell, 98-671 (La.App. 5 Cir.1/26/99), 727 So.2d 1231. In the matter before us, the state failed to file a motion to reconsider sentence in the trial court and has not raised the issue on appeal.
Given the lenient sentence, defense counsel states that no review of the sentence is warranted or requested. Accordingly, this issue does not arguably support an appeal.
Finally, pursuant to La.C.Cr.P. art. 920, the record was reviewed for errors patent, and none are noted.
Accordingly, defendant's conviction and sentence are hereby affirmed. Defense counsel's motion to withdraw is hereby granted.
AFFIRMED.
NOTES
[1] See State v. Battie, 98-1296 (La.App. 5 Cir.5/19/99), 735 So.2d 844, writ denied, 99-1785 (La.11/24/99), 750 So.2d 980, where we reviewed the admission of other crimes evidence based on defense counsel's contemporaneous objection.
[2] See La. R.S. 15:301.1, effective August 15, 1999.