JAMES L. CANNELLA, Judge.
Defendant, Anthony Diez, appeals from his convictions of two counts of stalking and his sentences. For the reasons which follow we affirm and remand.
The record lodged in this Court was designated by retained defense counsel and only contains the testimony of two witnesses, the victim, Patricia Miller Sha-heen (Shaheen), and Sergeant Danny Le-Blanc of the Jefferson Parish Sheriffs *1022 Office. Shaheen testified that she is divorced and has a daughter named Kristin. She met the Defendant in August of 1995 at a charity fundraiser. She began to see him socially, but not romantically, in September of 1995. She testified that she told the Defendant that she was dating other people and he agreed to a platonic friendship.
At the beginning of the relationship, the Defendant telephoned Shaheen one to two times a week. He occasionally accompanied her on outings with her daughter or other friends. At times he watched television with her at her house. Their relationship went smoothly for a few months. The Defendant then began to |3send Shaheen flowers, notes and gifts to her home and to the doctor’s office where she worked. He often arrived at her house unexpectedly. At times she would return home from dates to find him waiting for her. Sha-heen asked the Defendant to stop coming to her house unannounced, but his unwanted attentions continued. The Defendant did chores at her house without her knowledge or consent. At one point he learned that she planned to have her yard fenced, and he constructed the fence himself without her permission. The Defendant sent gifts and notes in increasing numbers to her home and office and his telephone calls increased until he was calling 20 to 30 times a day, 80 times on at least one day. In October of 1995, the Defendant took all of the tires from Shaheen’s car. When she confronted him about the incident, he told her they were flat and he replaced them. Shaheen testified that the Defendant’s calls and visits to her workplace led to her firing in early 1996. Thereafter, she worked a short time for the Defendant and he paid her. She began a new job in Metairie in April of 1996. The Defendant learned where she was working, and began to deluge her with telephone calls and gifts there. Some time after April of 1996, the Defendant moved from Baton Rouge to around the corner from Shaheen. He attempted to pay Kristin’s school and summer camp fees without Shaheen’s knowledge. He bought Kristin a television set and purchased a health insurance policy for Shaheen and her daughter. Shaheen testified that she did not ask him to do any of these things.
Shaheen further testified that the Defendant appeared increasingly unstable. She testified that she feared he was insane and would kill her and her daughter. She said that the Defendant followed her constantly. He appeared at restaurants and other places where she went with friends. He watched her house, driving by | ¿numerous times a day. Damage was done to her automobile and other property, which she suspected was done by the Defendant, although she admitted that she did not actually see him do it.
In late 1996, Shaheen contacted the Jefferson Parish Sheriffs Office to report the Defendant’s activities. Shaheen gave the officers the gifts and letters that the Defendant had given her. She also turned over telephone answering machine tapes of the Defendant’s calls. Officers warned the Defendant to stay away from Shaheen. The Defendant responded by becoming more belligerent. The Defendant sued her for the return of his possessions, which he claimed she had. After Shaheen made several more reports to police, the Defendant was arrested.
On March 17, 1997, the Jefferson Parish District Attorney filed a bill of information charging the Defendant with one count of stalking, occurring between July 14, 1996 and November 21, 1996, in violation of La. R.S. 14:40.2 [1] The Defendant was arraign *1023 ed on April 25, 1997 and pled not guilty. The State amended the bill on January 27, 1998 to add a second count of stalking, occurring between August 31, 1997 and November 17, 1997. The Defendant was arraigned that day as to the second count and pled not guilty.
The Defendant was tried by a six-member jury[2] on March 31 and April 1, 1998. At the conclusion of trial, the jury returned verdicts of guilty as charged on both counts. The Defendant moved for a new trial. The trial court heard and denied the motion on June 26, 1998, The Defendant waived statutory delays and |sthe trial court sentenced him that day to one year imprisonment in Parish Prison on each count. As to Count 2, the trial court suspended the sentence and placed him on two years’ active probation with specific conditions that the Defendant receive psychiatric treatment, that he stay away from the victim and her family, and that he pay various court costs. The Defendant made an oral motion for appeal which was granted.
On November 17, 1998, the Defendant filed a Notice of Intent to Seek Writs from the jury’s verdict. On May 18, 1999, a panel of this Court refused the Defendant’s writ application, stating in part, “A writ of supervisory review is not available in cases tried to a jury. Relator may seek reinstatement of his right to appeal his conviction by application for post conviction relief in the trial court.”
The Defendant filed a Motion for an OuN-of-Time Appeal on March 14, 2000. The trial court granted the motion that day. On appeal, the Defendant assigned two errors and designated only a part of the record for appeal.

ASSIGNMENT OF ERROR NUMBER ONE

The Defendant argues that the trial court erred in denying his two motions for a mistrial after the victim improperly testified about other crimes or bad acts of the Defendant. More particularly, the Defendant refers to the following exchange on re-direct examination:
Q. [prosecutor]: And just talk about ... Ms. Miller, what effect has this [harassment] had on you personally?
A. [Shaheen]: A tremendous effect. I pretty much don’t go anywhere anymore, ‘cause when I did, he would show up, or he would harass the people I was with. He would call me up and tell me about them. He would run a license plate; if they parked by my house, he would destroy their vehicles; so I pretty much ended most of my friendships until he’s put away.
DThe Defendant objected to the testimony and moved for a mistrial, arguing that Shaheen had testified to acts of which the Defendant was not accused. The trial judge responded, “I’m not going to grant a mistrial, but be careful of the questions you ask her, because I don’t want her to get into that kind of thing ... especially since you’re telling me she can’t — she didn’t see them happen.” Defense counsel then asked the trial judge to admonish the jury to disregard the testimony. The trial court instructed the jury:
All right. There was a comment that the witness made about vehicles, I think being marked or damaged, and I’m go *1024 ing to ask that you disregard that at this point in time. It is not appropriate testimony; so I will ask that you disregard that, which means that ... put it out of your mind. It’s not evidence. It’s not in. All right?
Generally, evidence of other crimes or bad acts committed by a criminal defendant is not admissible at trial. La. C.E. art. 404 B(1); State v. Prieur, 277 So.2d 126 (La.1973); State v. McGinnis, 00-219, p. 4 (La.App. 5th Cir.8/29/00), 768 So.2d 216, 218. However, when evidence of other bad acts tends to prove a material issue and has independent relevance other than to show that the defendant is of bad character, it may be admitted.
Here, the State was required to prove that the Defendant undertook “the willful, malicious, and repeated following or harassing” of Shaheen “with the intent to place that person in fear of death or bodily injury.” La. R.S. 14:40.2[3]. “Harassing” is defined in the statute as “engaging in a knowing and willful pattern of conduct directed at a specific person which seriously alarms, annoys, or distresses the person, and which serves no legitimate purpose. The conduct must be such as would cause a reasonable person to suffer substantial emotional distress and must actually cause substantial emotional distress to the person.” La. |7R.S. 14:40.2(0(1). Thus, it was appropriate for Shaheen to testify about the Defendant’s various acts of following, watching, and harassing her, as well as her emotional distress over those acts. The testimony, which the Defendant characterizes as a reference to “other crimes” he committed, regarding his alleged destruction of her friends’ property, was nothing more than a part of the series of acts testified to by Shaheen that were calculated to harass and intimidate her and an expression by Shaheen of her suspicions and fragile emotional state caused by the various acts.
A mistrial is only mandatory when the trial judge, district attorney, or court official makes a reference to other crimes possibly committed by the defendant, which are not admissible at trial. La. C.Cr.P. art. 770. A mistrial is discretionary in other circumstances, such as here, where a witness makes the statement, and may be granted if the trial court determines that an admonition is not sufficient to assure the defendant a fair trial. La. C.Cr.P. art. 771. It is well settled that a mistrial is a drastic remedy and is only warranted when there has been substantial prejudice to the defendant to the extent that he is deprived of a fair trial. State v. Ratcliff, 98-101 (La.App. 5th Cir.2/23/99), 731 So.2d 356, writs denied, 99-1112 (La.9/3/99), 747 So.2d 541.
In this case, the trial court determined that an admonition to the jury was sufficient to rectify any adverse inferences from the statement by the witness. We find no error in that decision by the trial court. There is no showing here that the admonition to the jury was insufficient to assure the Defendant a fair trial.
The Defendant also complains that the trial court erred in fading to grant a mistrial when Shaheen testified on re-direct examination that the Defendant discontinued to harass her even after he’d been arrested and warned by the judge to stay away from her. Defense counsel argued in the trial court that testimony regarding the Defendant’s violation of a court order was other crimes evidence aimed at painting him to be a bad person.
We find no error in the trial court ruling refusing to grant a mistrial on this basis. The conduct referenced in the bill of infor *1025 mation was specified as occurring, in count one, before the Defendant’s arrest and, in count two, after the Defendant’s arrest. Testimony of the Defendant’s continued harassment of Shaheen after he was arrested and instructed by a judge to stay away from her is part of the proof of the charged offense. The testimony cannot, therefore, be characterized as inadmissible other crimes evidence. Accordingly, we find that this assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER TWO

The Defendant argues that the evidence presented at trial was insufficient to support the two convictions of stalking. More particularly, the Defendant argues that the State failed to prove the element of specific intent to place the person in fear of death or bodily injury.
Retained defense counsel designated only a portion of the trial testimony (two witnesses out of 16) to be lodged in the record on appeal. The Defendant was notified by this Court in two separate Orders, dated September 28, 2001 and December 28, 2001, that the entire transcript was required for appellate review of this assigned error. In the latter Order, the Defendant was notified through his counsel by certified mail with return receipt evidencing acceptance at defense counsel’s office that, in the absence of supplementation of the record, this assigned error would be considered abandoned by the Defendant. The record has |anot been supplemented. Accordingly, this assignment of error is not herein considered on the merits, the Court being unable to review a claim of insufficiency of the evidence on a partial record designated by retained counsel, and it is deemed abandoned.

ERRORS PATENT DISCUSSION

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). The following are noted.
The Defendant was charged in the bill of information with two counts of stalking under La. R.S. 14:40.2. While this statute provides for enhanced sentences for repeat offenders, no allegations were made in the bill of information that the Defendant was being charged as anything other than a first offender. The verdict sheet shows that the Defendant was convicted of two counts of stalking. And, there is nothing in the record showing that the Defendant was previously convicted of this offense. Nevertheless, the commitment indicates that the Defendant was convicted of one count of stalking as to Count 1 and one count of stalking, “second offense”, as to Count 2. We find this reference in the commitment to be made in error. Thus, we order the case remanded to the trial court for amendment of the commitment to delete the reference to the Defendant being convicted as a second offender, which is not supported by the bill of information, jury verdict, or record.
We also note that at the June 26, 1998 sentencing, the trial court properly advised the Defendant of the three-year prescription for applying for post-conviction relief in effect at the time under La.C.Cr.P. art. 930.8. An amendment to the article, effective as of August 15, 1999, shortens the | mprescriptive period to two years. The amended prescriptive period applies retroactively to this Defendant. See, State v. Powell, 00-1729, p. 9 (La.App. 5th Cir.3/14/01), 783 So.2d 478, 482. Thus, on remand, it is ordered that the trial court inform the Defendant in writing of the change in the law and show proof in the *1026 record of the Defendant’s receipt of that advisement.
Accordingly, for the reasons set forth above, we affirm the Defendant’s convictions for stalking and his sentences to one year imprisonment without hard labor on each count, with the second sentence being suspended and two years of active probation, and remand the case to district court for correction of the commitment in conformity with the jury verdict and for written proof in the record of the Defendant’s receipt of appropriate notice, under La. C.Cr.P. art. 930.8 as amended, of the prescriptive period for post conviction relief.
CONVICTIONS AND SENTENCES AFFIRMED; CASE REMANDED.

. All references in this opinion to this statute are as it was defined at the time of the offense. The statute was amended by Acts 2001, No. 1141, § 1 and does not, as amend *1023 ed, require proof of the perpetrator's intent to place the victim in fear of death or bodily injury.

. Although first offense stalking is a misdemeanor, defendant was entitled to a jury trial under La.C.Cr.P. art. 779, which allows for jury trials in cases where the potential penalty exceeds imprisonment for more than six months, or a fine of more than one thousand dollars.

. See footnote 1.